UNITED STATES, Appellee

v

CHARLES E. CRAWFORD, Sergeant, U. S. Army, Appellant

6 USCMA 517, 20 CMR 233

518

*First Lieutenant Jerome H. Gerber* argued the cause for Appellant, Accused. With him on the brief was *Major Edwin Doran*.

*Captain Vernon M. Culpepper* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Lewis W. Evans*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On the basis of a report that the accused was a user of narcotics, he was apprehended by Criminal Investigation Detachment agents. In searching him, the agents found a triangular paper packet in a pocket of his trousers. The packet contained a white powder which, on chemical test, was determined to be a morphine compound. Later, the accused voluntarily provided two urine specimens. Analysis of these disclosed the presence of morphine. In due course, the accused was charged, tried, and convicted of wrongful possession and of wrongful use of narcotics, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. The conviction was affirmed by a board of review.

The first question before us is whether the law officer erred in instructing the court members that the use of a narcotic is presumed to be wrongful. The accused contends that neither the Uniform Code nor the Manual authorizes a presumption of wrongfulness in regard to the use of a narcotic, as it does in connection with possession of the drug. Manual for Courts-Martial, United States, 1951, paragraph 213*a*. Perhaps there are occasions when the use of a narcotic would not be coincident with its possession, but when the drug is present in the internal organs of a person, "logic and common sense" indicate that its use was necessarily included in the possession. United States v Yates, 16 CMR 629, 638, pet den, 4 USCMA 743, 16 CMR 292. In such cases an instruction that use is presumed to be wrongful is entirely justified by the broader presumption regarding possession. This conclusion is implied in our opinions in the cases in which we tested the correctness of instructions as to use by the standards applicable to possession. United States v Greenwood, 6 USCMA 209, 19 CMR 335. See also: United States v Ford, 4 USCMA 611, 16 CMR 185, 190. In United States v Grier, 6 USCMA 218, 19 CMR 344, we directly approved the assimilation in a use case of the rules of law applicable in a possession case. We there said:

"Going one step further, we must consider the prejudicial effect of the law officer's instruction on the presumption of wrongfulness. There are certain instances where it is permissible to shift the burden of going forward to the accused, and because of the instruction given, that theory became focal in this instance. We believe that the doctrine is appropriate in narcotic 'use' cases, but it makes a failure to instruct on conscious or knowing use of the drug more damaging. A close comparison of the two instructions will disclose that they permit the presumption arising from use to support a finding of both wrongfulness and knowledge. Under certain circumstances that may be permissible but when, as here, an issue of knowledge is raised, the court should be told that a finding on knowledge is required. Otherwise, the court is not apprised of the fact that they may find that the pre-

**519**

sumption has been rebutted by the testimony of the accused."

We hold, therefore, that the law officer did not err in instructing the court-martial that "the use of a habit forming narcotic drug is presumed to be wrongful unless the contrary appears."

The second issue presented for review also concerns the instructions. At the request of trial counsel, the law officer advised the court-martial as follows:

"... although the use of narcotics, when consumed by accident or mistake, is clearly innocent, the Government is not required to negative the existence of these exceptions in such cases. Such explanation must come from evidence produced by the accused."

Apparently, the requested instruction was taken from our opinion in United States v Ford, supra. In that case, we were discussing the sufficiency of the evidence, not the correctness of the instructions. Thus we went on to say that the accused's denial of wrongful use "raised a question of fact which the court resolved adversely to him, upon evidence sufficient to warrant such a conclusion." It is important to recognize this difference in an appellate opinion. An uncritical adoption of part of the discussion on the sufficiency of the evidence for use as an instruction can result in an instruction which is misleading, or even one which shifts the burden of proof from the Government to the accused. See: United States v Doyle, 3 USCMA 585, 601-2, 14 CMR 3, dissenting opinion of Chief Judge Quinn. In fact, the latter contention is now made by appellate defense counsel in regard to the challenged instruction.

Undoubtedly, the instruction as given in this case is wrong. Evidence of "accident or mistake" need not be produced by the accused. On the contrary, an issue can be reasonably raised by evidence presented by the prosecution itself. However, this error did not harm the accused. The only evidence on the point came from the defense.

520

The accused testified that the day before his apprehension, he was not feeling well. A friend gave him a bottle of medicine to relieve his discomfort. The medicine was represented to be paregoric. The accused also produced evidence to the effect that paregoric contains morphine, and if it is ingested in a sufficient amount, it will give a positive morphine reaction in a test of a urine sample. It clearly appears, therefore, that the accused completely met the burden imposed upon him by the law officer's instruction. As a result, there was no omission which could militate against him in the court's deliberations on his guilt or innocence. But, did the instruction require the accused to do more than present evidence? Did it also impose upon him the burden of satisfying the court members of the reasonableness of his explanation? See Duncan v United States, 23 F 2d 3 (CA 7th Cir) (1927).

Standing alone, the controverted instruction may possibly be interpreted to shift the burden to the accused to satisfy the court that he innocently ingested the drug. So interpreted the instruction would be prejudicial. An accused is not required to prove his innocence. At all times, the ultimate burden of proving wrongdoing is on the Government; and it must establish guilt beyond a reasonable doubt. A permissible presumption or inference may aid the Government in its proof, but it does not in any way alter the prosecution's obligation to establish guilt; nor does it affect the right of the accused to do and say nothing. Parts of an instruction, however, cannot be read in vacuo. They must be read together as a whole. United States v Nash, 5 USCMA 550, 18 CMR 174; United States v Hatchett, 2 USCMA 482, 9 CMR 112. If when so read, there is no reasonable probability that the court members were misled by an error in, or inadequacy of, an instruction, the defect is not prejudicial. United States v Johnson, 3 USCMA 706, 14 CMR 124; United States v Moynihan, 1 USCMA 333, 3 CMR 67.

Before giving the disputed instruc-

tion, the law officer advised the court as follows:

"With regard to this offense, the court is also advised that the defense has introduced evidence to show that at the time of the alleged offense, wrongful use of a narcotic drug, the accused was ignorant of the fact that he was using such a drug.

"With respect to this evidence, the court is advised that if an accused was laboring under such ignorance and that if his ignorance was honest, he cannot be found guilty of wrongful use of a narcotic drug, for it is essential to a conviction for this offense that the prosecution prove beyond a reasonable doubt that the accused had knowledge of the fact that he was using a narcotic drug. The burden is upon the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. Consequently, unless you are satisfied beyond a reasonable doubt that the accused was not honestly in ignorance of the fact that he was using a narcotic drug, you must acquit the accused."

Reading both parts of the instruction together, there is no fair risk that the court members misunderstood the burden of proof. The controverted part of the instruction appears as an abstract statement of law. It is given specificity of meaning by the advice that "the defense has introduced evidence to show that . . . [the accused] was ignorant of the fact that he was using such a drug." With its attention directed to this evidence, what standard was the court to use in determining the accused's guilt or innocence? The only standard delineated by the law officer was that the Government had to establish guilt beyond a reasonable doubt. In view of defense counsel's objection, it perhaps would have been better for the law officer to re-emphasize that point, but we cannot say that he abused his discretion in failing to do so. In our opinion, therefore, the law officer's additional instruction was partially erroneous, but the error did not prejudice the accused.

The decision of the board of review is affirmed.

Judge BROSMAN concurs.

Judge LATIMER concurs in the result.