UNITED STATES, Appellee

v

LEONARD HOLLOWAY, JR., Private E-2, U. S. Army, Appellant

10 USCMA 595, 28 CMR 161

No. 12,903

Decided August 14, 1959

*First Lieutenant William L. Garwood* argued the cause for Appellant, Accused. With him on the brief was *Captain Arnold I. Melnick.*

*First Lieutenant George J. Miller* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Following his contrary plea, the accused was found guilty of wrongful possession of marihuana, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. Thereafter, the convening authority directed a rehearing in the case in view of certain deficiencies in the law officer's instructions. The accused was again found guilty and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. Subsequently, an Army board of review directed the preparation of a new post-trial advice and action as the result of comments in the review which it deemed improper. Following compliance with the board's order, the findings and sentence were affirmed. The accused petitioned this Court for further review, urging that the law officer erred prejudicially in admitting certain evidence which had been obtained as a result of an illegal search and seizure and in advising the court-martial that the possession of marihuana was presumed to be wrongful unless the contrary appeared. He also argued that the new staff judge advocate review in the case was deficient in that it advised the convening authority that the law officer's ruling on

the question of search and seizure was final and binding. In granting the accused's petition for review of these questions, we also exercised our inherent authority as an appellate body to note plain error and specified, as an additional issue, the sufficiency of the law officer's instructions on the accused's defense of lack of knowledge of the nature of the substance he allegedly possessed.

Briefly summarized, the evidence establishes that the accused was suspected of cheating on a classification test. Criminal investigators were summoned and, after advising accused of his rights under Code, supra, Article 31, 10 USC § 831, asked him whether he would consent to being searched for a copy of the examination key. An affirmative reply was received, and, although no key was discovered, two marihuana cigarettes were found in his trousers' pocket. In extrajudicial statements, the accused denied any knowledge that the cigarettes contained marihuana and alleged that he had found them while on police call.

The law officer advised the members on the issue of accused's knowledge as follows:

"The defense has introduced some

evidence to show that, at the time of the alleged offense of possession of marihuana, the accused was ignorant of the physical composition of the commodity possessed. With respect to this evidence, the court is advised that *if the accused was laboring under such ignorance, and if his ignorance was honest, he cannot be found guilty of possession of marihuana,* for it is essential to a conviction of this offense that the prosecution prove beyond a reasonable doubt that the accused had actual knowledge of the physical composition of the commodity possessed.

"The burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. Consequently, unless you are satisfied beyond a reasonable doubt that the accused was not honestly ignorant of the physical composition of the commodity possessed and likewise satisfied beyond a reasonable doubt that *his ignorance was the result of gross indifference on his part,* you must acquit the accused.

"An honest ignorance as to the physical composition of the commodity possessed, no matter how unreasonable, will exonerate the accused with respect to the offense charged. • • •

"I have advised you that the accused's knowledge of the physical composition of the commodity possessed is an essential element of the offense of possession of marihuana. You are instructed again that you cannot convict the accused of the offense of possession of marihuana if in fact he did not know the physical composition of the commodity; however, such knowledge on the part of the accused, like any other fact, may be proved by circumstantial evidence, . . ." [Emphasis supplied.]

From the foregoing, it will be seen that the law officer initially advised the court-martial that accused's ignorance of fact need only be honest in order to excuse his possession of the forbidden drug. However, he thereafter required that it also not be the result of gross indifference. In the latter respect, he erred. An accused's ignorance concerning the physical composition of a forbidden substance which he possesses need only be honest in order to be a defense. United States v Greenwood, 6 USCMA 209, 19 CMR 335; United States v Lampkins, 4 USCMA 31, 15 CMR 31.

The Government apparently concedes that accused's ignorance of the nature of the cigarettes he possessed need only be honest. Nevertheless, it urges that the law officer's instructions concerning the effect on that concept of gross indifference could have caused the court to be confused only momentarily, for, in other parts of the charge, the members were advised that accused's ignorance of fact need only be honest. In support of this proposition, it relies upon our decision in United States v Bergen, 6 USCMA 601, 20 CMR 317. There, we held no prejudice flowed from instructions requiring the accused's lack of knowledge that he had used a prohibited drug to be both honest and reasonable. The Government's position, however, ignores the fact that the law officer in that case emphasized throughout his charge that the court must find "actual knowledge on the part of the accused of the presence of the stimulant in Fineberg's drink." United States v Bergen, supra, at page 608. While the law officer herein adverted several times to the requirement that the accused must know that the substance he possessed was marihuana, none of his instructions detracted from his further requirement that such knowledge not result from gross indifference. Viewing the charge from the standpoint most favorable to the Government, he advised the court of two inconsistent measures of the validity of accused's defense. As we cannot be certain of which standard the members applied in reaching their findings of guilty, prejudice resulted. United States v Noe, 7 USCMA 408, 22 CMR 198: United States v Skonberg, 10 USCMA 57, 27 CMR 131.

As our holding with relation to the sufficiency of the instructions on the accused's defense of ignorance of fact requires a rehearing, we need not de-

cide the other issues raised in the petition. Any statement we might make with reference to the sufficiency of the evidence to establish consent to the search involved would unnecessarily restrict the parties in their development of the question at another trial. With respect to the inferences to be drawn from the possession of marihuana, we are sure that any law officer who may hereinafter be involved in this case will give heed to the dangers inherent in the use of the term "presumption" in advising members of the court and will recognize the necessity for avoiding language which may have the effect of shifting the burden of proof from the Government to the accused. We are equally certain that any subsequent post-trial review prepared in this case will not include phraseology suggesting that the convening authority may not consider anew the factual basis for the law officer's ruling on an interlocutory question such as that raised here. Cf. United States v Alaniz, 9 USCMA 533, 26 CMR 313.

The decision of the board of review is reversed and a rehearing is authorized.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

My principal reason for not concurring outright is that I prefer to reserve my views on the advisory portion of the opinion which anticipates overruling United States v Gohagen, 2 USCMA 175, 7 CMR 51; United States v Ford, 4 USCMA 611, 16 CMR 185; United States v Greenwood, 6 USCMA 209, 19 CMR 335; and United States v Crawford, 6 USCMA 517, 20 CMR 233.