**UNITED STATES**

v.

**Staff Sergeant Fred A. BASSANO, FR 143–58–7064 United States Air Force.**

**ACM 25128.**

U.S. Air Force Court of Military Review.

25 Nov. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Joseph S. Kistler.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

DECISION

MICHALSKI, Judge:

A general court-martial with members convicted the appellant, contrary to his pleas, of wrongful use of cocaine and marijuana. The appellant asserted a number of errors. We will only discuss the one from which several others stem. It states:

TO THE EXTENT THAT PARAGRAPH 37 OF THE MANUAL FOR COURTS-MARTIAL, 1984, AS IT APPLIES TO ARTICLE 112a OF THE UNIFORM CODE OF MILITARY JUSTICE, ALLOWS THE PROSECUTION TO SHIFT A BURDEN OF PRODUCTION OR PROOF FOR AN ELEMENT OF THE OFFENSE OF WRONGFUL USE OF A CONTROLLED SUBSTANCE TO AN ACCUSED, THAT PARAGRAPH IS UNCONSTITUTIONAL.

The case against the appellant consisted of laboratory analyses of appellant's urine showing positive readings for cocaine and marijuana and chain of custody documents. Standard Air Force testing procedures were properly followed. The test results showed the presence of high levels of marijuana metabolites in appellant's urine sample. The government's expert witness in forensic toxicology, Doctor Naresh C. Jain, testified in great detail about the test procedures used and the results of those tests which clearly established the presence of cocaine and marijuana in appellant's urine and, hence, demonstrated use of those substances. He stated that appellant's marijuana metabolite level was extremely high, therefore, passive inhalation as a source of ingestion was ruled out and that some effects of marijuana must have been felt.

Prior to findings, the trial judge gave the following instructions on the two elements of the charged offenses, i.e. use of a controlled substance, and wrongfulness of use:

Use of a controlled substance is wrongful if it is without legal justification or authorization. Use of a controlled substance is not wrongful if first done pursuant to legitimate law enforcement activities; for example, an informant who is forced to use drugs as part of an undercover operation in order not to be discovered; or second, done by authorized personnel in the performance of medical duties or experiments; or third, without knowledge of the contraband substance. Use of a controlled substance may be inferred to be wrongful in

the absence of any evidence to the contrary. However, the drawing of this inference is not required.

The appellant did not object to these instructions.

■ We hold that Part IV, paragraph 37 of the Manual for Courts-Martial, 1984[1] does not violate the Constitution and affirm. *United States v. Harper*, 22 M.J. 157 (C.M.A.1986).

The case of *Harper, supra*, clearly applies to the case before this Court. Although the appellant in *Harper* denied he knowingly used marijuana, the appellant in the case at bar presented no evidence on the merits. The prosecution's case in *Harper, supra*, consisted of laboratory results of urinalysis tests coupled with expert testimony explaining them and the effects the drug had on the user. The Court in *Harper* stated at page 162:

It is quite clear from paragraph 213g(5), Manual, *supra*, and in our case law that the inference of wrongfulness is a permissive inference or presumption, not a mandatory inference or presumption. . . . It does not relieve the prosecution of its burden of persuasion because it still requires the prosecution to convince the factfinder that the suggested conclusion of wrongfulness should be inferred based on the predicate facts proven. . . .

Appellant nevertheless asserts that paragraph 213g(5) questionably shifts the burden of going forward with evidence concerning this element of the offense to an accused. *Cf. United States v. Holloway*, 10 U.S.C.M.A. 595, 598, 28 C.M.R. 161, 164 (1959). Indeed, the Supreme Court has signaled some concern about such practice where "a mandatory presumption" is invoked. *See Francis v. Franklin, supra* [471 U.S. 307], 105 S.Ct. [1965] at 1971 n. 3 [85 L.Ed.2d 344 (1985) ]. *However, it has approved such a practice where a permissive inference is involved and there is a rational connection between the facts proved and*

1. Formerly para. 213g(5), Manual for Courts-Martial, United States, 1969 (Rev.)(change 7).

*the fact presumed or inferred....* (Emphasis added). As indicated earlier, the rational connection between contraband drug use and wrongfulness has been recognized for many years in military law, and we see no reason to reject it today. *United States v. Fears* [11 U.S.C.M.A. 584, 29 C.M.R. 400 (1960)] and *United States v. Crawford* [6 U.S.C.M.A. 517, 20 C.M.R. 233 (1955)], both *supra.* Marijuana use is no exception....

■ It is axiomatic in our system of law that guilt of crime must be established beyond a reasonable doubt and that the burden of proof of guilt is always on the prosecution to prove the existence of every element required to establish the offense charged. Art. 51, U.C.M.J., Winthrop, *Military Law and Precedents* (1920); *In re Winship*, 397 U.S. 358, 361–364, 90 S.Ct. 1068, 1070–1073, 25 L.Ed.2d 368 (1970).

Every element of the charged offenses had to be proved beyond a reasonable doubt. In the framework of controlled substance abuse cases the Court of Military Appeals stated, "Wrongfulness in this context means the knowing use of marijuana without justification or authorization" and "In the absence of evidence to the contrary, the prosecution may meet this burden by reliance on the permissive inference of wrongfulness which has long been authorized by military law as flowing from proof of the predicate fact of use of a contraband drug." *Harper, supra* at 162.

In the case before this Court, the trial judge instructed the voting members that, "Use of a controlled substance may be

inferred to be wrongful in the absence of any evidence to the contrary. However, the drawing of this inference is not required." The members were also instructed that they were not required to accept the expert witness' testimony. The court members considered the uncontroverted results of the urinalysis tests and the scientific conclusions that could be drawn from them. They could properly conclude that the drugs affected the appellant and that the marijuana did not enter his body by way of passive inhalation. The government's case was unrefuted. In this evidentiary context, the permissible inference that appellant's use was wrongful was proved beyond a reasonable doubt. *United States v. Harper, supra.*

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and the sentence are correct in law and fact that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK concur.