UNITED STATES, Appellee

v

FRED B. HAYDEN, Staff Sergeant,
U. S. Air Force, Appellant

13 USCMA 497, 33 CMR 29

No. 15,956

March 1, 1963

*Major Charles K. Rush* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph E. Krysakowski.*

*Major James Taylor, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Colonel Merlin W. Baker, Lieutenant Colonel Emanuel Lewis,* and *Lieutenant Colonel Simpson M. Woolf.*

## Opinion of the Court

KILDAY, Judge:

Accused was tried by a general court-martial convened at George Air Force Base, California, for assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He pleaded not guilty, but was convicted as charged and sentenced to bad-conduct discharge, total forfeitures, confinement at hard labor for one year, and reduction to the lowest enlisted grade. The convening authority approved and, thereafter, a board of review in the office of The Judge Advocate General of the Air Force affirmed the findings and sentence. Accused petitioned this Court, and we granted review limited to a single issue concerning the law officer's instructions on self-defense.

A detailed recitation of the facts is unnecessary. Suffice it to state the evidence shows that, in the course of a fight, the alleged victim—one Minor—sustained puncture wounds in the neck and shoulder. These injuries were inflicted by an awl or "punch"[1] wielded by accused. According to the victim and other witnesses, accused sought Minor out in a barracks adjoining the one in

[1] The tool is not at all unlike an icepick, and was so described by at least one witness.

which the pair lived, threatened him and, thereafter, without warning or provocation struck out at him with the weapon, stabbing Minor. Accused, on the other hand, claimed that on previous occasions Minor had threatened him; he feared him "to be vicious." He testified he had gone to the adjoining barracks to talk to Minor about alleged prior misconduct by the latter; that it was agreed they would let the first sergeant settle the dispute; that as they were leaving to do so, the alleged victim whirled suddenly and attacked him; and that he was afraid and struck back two or three times with the weapon only to protect himself.

Included in the law officer's advice to the triers of fact was the instruction that:

". . . a person may lawfully meet force with a like degree of force in protecting himself, provided such force appeared to the accused to be reasonably necessary under the circumstances. However, a person may use force likely to result in grievous bodily harm only when retreat by him is not reasonably possible or would endanger his own safety. . . ."

The latter portion of the above-quoted charge admonishes the triers of fact that one might, in self-defense, use force likely to result in grievous bodily harm only when retreat by him is not reasonably possible or would endanger his safety. In United States v Smith, 13 USCMA 471, 33 CMR 3, we noted there was no such categorical and unqualified requirement of retreat. Rather, the opportunity to do so in safety is but one item to be considered with all other circumstances in determining whether the action taken was reasonably necessary. United States v Adams, 5 USCMA 563, 18 CMR 187. Hence we held such an instruction prejudicially erroneous in the Smith case, and reversed the conviction. The same disposition is required in the case at bar.

It should also be pointed out that we have previously indicated instructions limited[2] to "meet[ing] force with a like degree of force" are unsatisfactory, and that use of such language is to be avoided. See United States v Acosta-Vargas, 13 USCMA 388, 32 CMR 388; United States v Smith, supra. Particularly is that true when, as here, the accused used what may be permissibly characterized as a dangerous weapon, and the injured party was apparently unarmed. Upon a rehearing, the law officer should use care to present this aspect of the issue to the court members properly.

While accused's case was pending in this Court, he filed a petition for new trial under Article 73, Uniform Code of Military Justice, 10 USC § 873, and the same has been forwarded to us for action. In view of the disposition we order, based on the law officer's instructional error, it is unnecessary to pass on the assertions of irregularity made by accused in support of his petition for new trial.

The decision of the board of review is reversed and the record is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):
While I join, as I have in the Smith case, in the holding that the instruction on retreat is incorrect, I disagree with the conclusion that the error prejudiced the accused.

The accused weighs 185 pounds and is six feet, one in height. The record of trial does not show how much Minor, the victim, weighs, nor how tall he is. It is, however, reasonably inferable from the record that he, too, is tall and husky. Thus, the accused testified that on one occasion he invited Minor to "go to the gym . . . [and] put on boxing gloves and may the best man win." In any event, it is manifest from the record that the accused was not so afraid of Minor as to refrain from seeking him out in another barracks for the

---

[2] The law officer did not elaborate upon or otherwise explain that principle in the case at bar.

purported purpose of taking him to the Air Police.

At the time of the altercation between them, the accused admitted he saw no weapon in Minor's hands. He testified that after he was struck by Minor he jabbed at Minor with his left hand "keeping him away from me," while he reached into his pocket to take out the weapon with which he had previously armed himself. If this testimony is to be believed, then Minor was facing the accused and separated from him by at least part of an arm's length. Yet Minor was stabbed in the back of the neck. Consequently, the accused's claim of self-defense is so contrary to his own account of the physical facts as to brand his claim inherently unbelievable. See United States v Brown, 13 USCMA 485, 33 CMR 17. The error in the instructions on self-defense, therefore, did not prejudice the accused. United States v Regalado, 13 USCMA 480, 33 CMR 12. I would affirm the decision of the board of review.

I have considered the petition for new trial, and I find nothing meriting consideration. The accused contends that the "reviewing boards" were prejudiced because there are errors in the transcript of the trial testimony. None of the purported errors are important; and none changes the nature of the accused's trial testimony in any material respect. It is also said that a fraud was committed on the court by defense counsel's refusal to enter into the record a description of the physical appearance of Minor, and to request the court-martial to view the scene of the offense. Neither circumstance adds anything to that which is not already apparent from the record, except the indication of Minor's race. As to this, there is absolutely no evidence of race prejudice, and I categorically reject the accused's implication of the existence of such prejudice. If defense counsel did, in fact, refuse to accede to either or both of the implied requests by the accused, the decision was well within his discretion as counsel. See United States v Cambridge, 3 USCMA 377, 12 CMR 133. Neither contention raises any matter which could produce a more favorable result for the accused if a new trial were granted. I would deny the petition.