UNITED STATES, Appellee

v

ARTHUR E. HUBBARD, Private, U. S. Army, Appellant

13 USCMA 652, 33 CMR 184

No. 16,417

April 19, 1963

*Captain George C. Ryker* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ralph Herrod* and *Captain David M. Gill.*

*Captain Charles D. Reaves* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

KILDAY, Judge:

Appellant was tried by general court-martial convened at Frankfurt/Main, Germany, on a specification of intentionally inflicting grievous bodily harm upon one Ervin, and a specification of assault with a dangerous weapon upon one Stewart, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He entered a plea of guilty as to the assault upon Ervin and not guilty as to the assault upon Stewart. The court-martial found him guilty of both specifications and sentenced him to dishonorable discharge, to be confined at hard labor for two years, to forfeit all pay and allowances, and to be reduced to the grade of private E-1. The convening authority approved the sentence. A board of review in the office of The Judge Advocate General of the Army affirmed the findings and so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for one year, total forfeitures, and reduction to the grade of private.

This Court granted review on the assignment of appellant:

Whether the law officer erred in failing to give an instruction on the defense theory of accident.

This Court also granted review on an additional assignment:

Whether the instructions on self-defense including "like degree of force" and "retreat" were sufficient.

**653**

Shortly after midnight, the appellant was engaged in the process of kicking Ervin, whom he had previously knocked to the ground near the entrance to the enlisted men's club in Bad Hersfeld, Germany. The injuries inflicted by appellant were severe, and to the offense involved in that assault, appellant entered a plea of guilty.

Stewart was serving as "Master at Arms" at the club.[1] He intervened in the fight, and he and appellant "grappled" on the ground. Appellant and other witnesses testified that while appellant and Stewart were wrestling on the ground, the latter told appellant he was going to show him what kicking was like. Appellant struggled free, ran around the corner of the club, and across the grass toward the barracks area. Stewart gave chase. Appellant and his witnesses testified that Stewart continued to threaten appellant. Stewart was gaining on appellant when appellant stopped, and whirled around with a knife in his hand and with his arm slightly extended. Stewart, being close behind, ran upon the knife and suffered a minor wound. It was testified that Stewart almost ran over appellant. Both Stewart and appellant denied there was any stabbing or jabbing motion with the knife. Appellant denied any intent to stab or injure Stewart.

In opposition to the first granted issue, Government appellate counsel contend that trial defense counsel did not request an instruction on accident and did not rely upon the defense of accident at trial. The record reveals that when both prosecution and defense had rested, an out-of-court hearing was held. The law officer opened that hearing by inquiring of defense counsel whether he had any requested instructions. Defense counsel responded that he had only the one on self-defense. To the question by the law officer, "Nothing else? No other requests?" defense counsel replied, "No sir, no specific requests." Trial counsel asserted that self-defense was not raised by the evidence submitted and concluded with the statement:

"... It appears to me the only issue the defense may have raised here is one of accident, but not of self-defense."

Defense counsel at no time requested an instruction on accident. After discussion as to the content of advice to the court-martial on self-defense, the law officer informed defense counsel that his instructions on this specification would include the essential elements thereof; self-defense; credibility of the witnesses; reasonable doubt; and the closing instructions. He inquired whether the same was satisfactory to the defense, and defense counsel replied in the affirmative. Later the law officer inquired whether either side had anything further to bring before him, and defense counsel replied, "We have nothing further, sir."

Counsel proceeded to argument and the law officer gave his instructions to the court-martial, concluding with the statement:

"If counsel for either side desires any other requested instructions he should so state at this time.

"TC: None.

"DC: None.

"LO: Objections by the defense?

"DC: None, sir."

We believe this record makes clear that well qualified and fully informed defense counsel pursued a previously determined trial strategy upon the theory of self-defense, uncomplicated by other issues. Even the suggestion of trial counsel that a defense of accident might be present did not deter defense counsel from his previously determined course of action. Defense counsel may follow a theory and strategy he believes to be to the best interest of the accused. We are not prepared to condemn or criticize the course pursued by counsel. Perhaps he concluded accused's plea that he acted

---

[1] The record reflects that the "Master at Arms" was an employee, paid by the club, to assist in keeping order. On the lapel of his jacket he wore an embroidered badge bearing the letters "MA."

in self-defense because he feared grievous bodily injury at the hands of the injured party, would be weakened by a contention that the injury was the result of accident. Whether permissible inconsistent pleas in law or not, counsel could have apprehended such theory might lack appeal to members of the court-martial.

In Johnson v United States, 318 US 189, 87 L ed 704, 63 S Ct 549 (1943), the Supreme Court said:

". . . We cannot permit an accused to elect to pursue one course at the trial and then, when that has proved to be unprofitable, to insist on appeal that the course which he rejected at the trial be reopened to him. However unwise the first choice may have been, the range of waiver is wide. Since the protection which could have been obtained was plainly waived, the accused cannot now be heard to charge the court with depriving him of a fair trial. The court only followed the course which he himself helped to chart and in which he acquiesced until the case was argued on appeal."

In United States v Bouie, 9 USCMA 228, 26 CMR 8, Judge Ferguson stated:

"At the outset, it is interesting to note that we are asked to examine an entirely new theory of defense specifically disclaimed before the triers of fact. The accused in sworn testimony completely disavowed any knowledge or action on his part in any dealings even remotely concerning the purchase or sale of marihuana. He may not be heard to argue a theory at variance with that pursued at trial. Unsuccessful trial tactics which have resulted in conviction may not be discarded at the appellate level and a new defense interjected with the hope that success may be forthcoming, and that the conviction may be set aside upon the new defensive theory offered for the first time on appeal."

See also United States v Jones, 7 USCMA 623, 23 CMR 87; United States v Beer, 6 USCMA 180, 19 CMR 306; United States v Smith, 2 USCMA 440, 9 CMR 70; Kahla v United States, 243 F2d 128 (CA 5th Cir) (1957).

It is evident, in the case at bar, that the defense deliberately chose not to urge the theory of accident to the triers of fact. Accordingly, we conclude the law officer did not err in failing to instruct thereon.

We agree with the law officer in his holding that the defense of self-defense was reasonably raised by the evidence herein. Turning to the instructions on that issue, we find that the law officer did include in his advice the statement: "[A] person may lawfully meet force with a like degree of force in protecting himself." As we indicated in United States v Acosta-Vargas, 13 USCMA 388, 32 CMR 388; United States v Smith, 13 USCMA 471, 33 CMR 3; and United States v Hayden, 13 USCMA 497, 33 CMR 29, this language, in vacuo, would not be adequate in an instruction on self-defense. However, in this case the law officer did not content himself with that advice alone. He proceeded to include adequate language to inform the court-martial that the accused in any case may be excused for using force likely to result in grievous bodily harm in self-defense if he believed on reasonable grounds that the use of such force was necessary to save his own life, or to prevent grievous bodily harm to himself. He also included language adequate to inform the court-martial that the degree of force permitted to the defender need not be identical with the means employed by the assaulter; that whether the accused, by resort to a knife, used excessive force in repelling an assault or an anticipated assault on him, was dependent upon all the circumstances of the case and a question for the court to decide in the light of the instruction given on self-defense. He also properly placed the burden of proof that the accused did not act in self-defense on the prosecution. United States v Odenweller, 13 USCMA 71, 32 CMR 71.

In view of the instructions as a whole, there is no risk that the use of the phrase "like degree of force" misled the court members into employing an inappropriate standard in considering the

question. United States v Smith, supra; United States v Acosta-Vargas, supra.

The instruction of the law officer as to retreat in self-defense presents a more difficult problem. We note that the law officer gave the court-martial no more than the categorical instruction:

". . . However, a person may use force likely to produce grievous bodily harm only when retreat by him is not reasonably possible or would endanger his own safety."

As we stated in United States v Smith, supra, failure to retreat is not categorical proof of guilt, but is a circumstance to be considered with all the others in order to determine whether an accused went further than he was justified in doing. Accordingly, the instruction given by the law officer on retreat, standing alone, was inadequate to properly present to the court-martial the appellant's theory of self-defense, and requires that his conviction for assault on Stewart be set aside.

The decision of the board of review as to specification 2 is reversed. The record will be returned to The Judge Advocate General of the Army. A board of review may reassess the sentence on specification 1, or a rehearing may be ordered on specification 2 and the penalty for both offenses.

FERGUSON, Judge (concurring in the result):

I concur in the result.

I agree that the findings of guilty must be set aside and a rehearing ordered in view of the fact the law officer's instructions on self-defense erroneously conditioned accused's right to protect himself against Stewart upon a duty to retreat. See United States v Smith, 13 USCMA 471, 33 CMR 3. I disassociate myself from the other views expressed in the opinion, as I believe them to be unnecessary to disposition of the case before us.

QUINN, Chief Judge (concurring in part and dissenting in part):

I agree with the views expressed in the first part of the principal opinion. However, I disagree with the conclusion as to the instruction on retreat.

The accused was fleeing from the scene of a serious crime to which he later judicially confessed. When it appeared to him that he was about to be apprehended, he whirled about, and confronted his pursuer with the bared blade of a knife. Under the circumstances, the doctrine of retreat is wholly inapposite. Any deficiency in the law officer's instruction on this point, therefore, did not harm the accused. I would affirm the decision of the board of review.