UNITED STATES, Appellee

v

JOSEPH LOMBARDI, Private, U. S. Marine Corps, Appellant

14 USCMA 466, 34 CMR 246

No. 17,411

March 27, 1964

*Major Frederick D. Clements,* USMC, was on the brief for Appellant, Accused.

*Captain James A. Potter,* USN, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused was charged before a special court-martial with two offenses but limited his testimony to Charge I, assault on a superior noncommissioned officer in the execution of his office by striking him in the face, in violation of Article 91, Uniform Code of Military Justice, 10 USC § 891. His testimony thereon raised the issue of self-defense on this charge only.

Initially, in his instructions on self-

466

defense, the president gave the "like degree of force" instruc- ██ tion which this Court has on several occasions indicated should be discontinued. United States v Acosta-Vargas, 13 USCMA 388, 32 CMR 388; United States v Smith, 13 USCMA 471, 33 CMR 3; United States v Hayden, 13 USCMA 497, 33 CMR 29; United States v Hubbard, 13 USCMA 652, 33 CMR 184. In addition he told the court:

". . . Consequently, if you believe that . . . the accused used only such force against Corporal Paul K. Fisher as he honestly and reasonably believed, under the circumstances as they appeared at the time, was necessary to protect himself from attack by Corporal Fisher, then you must acquit the accused."

This instruction, coupled with that portion referring to "like degree of force," appears to place upon the accused the burden of proving that he did not use a degree of force greater than that exerted against him by Corporal Fisher and that the degree of force he did use was only such (and no more than) was necessary to protect himself from attack. This is not the accused's burden.

A plea of self-defense is in the nature of a plea in confession and avoidance. It is an admission that the ██ act occurred but an avoid- ██ ance of guilt because of the excuse, or justification, that such assault was necessary in his own defense. If actually present in a case, it is one of the highest and most valuable defenses known to the law. United States v Smith, supra. Where properly raised, as here, the burden of proving *beyond a reasonable doubt* that the accused did not act in self-defense or that he used excessive force is on the Government and not on the accused. United States v Hubbard, supra. Cf. United States v Rowan, 4 USCMA 430, 16 CMR 4; United States v Noe, 7 USCMA 408, 22 CMR 198; United States v Skonberg, 10 USCMA 57, 27 CMR 131; United States v Odenweller, 13 USCMA 71, 32 CMR 71.

We note that while the president informed the court members that the burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the Government, and that the rule as to reasonable doubt extends to every element of the offenses charged, he did not relate this rule to the affirmative defense of self-defense. In such a posture of the record it is at least doubtful as to whether the court properly understood and utilized the correct standard on this issue. And where there is room for reasonable doubt, such doubt must be resolved in favor of the accused. United States v McIntosh, 12 USCMA 474, 31 CMR 60.

We hold therefore that the president's instructions on self-defense were erroneous and prejudicial to the substantial rights of the accused.

The decision of the board of review as to Charge I is reversed. Its decision as to the remaining charge is not affected by this opinion. The record of trial is returned to The Judge Advocate General of the Navy. A board of review may reassess the sentence on the basis of the remaining charge or a rehearing on this charge and the penalty may be ordered.