UNITED STATES, Appellee

v

ADOLPHUS CAREY, Jr., Private, U. S. Army, Appellant

21 USCMA 33, 44 CMR 87

No. 23,947

August 6, 1971

Captain Robert B. Harrison, III, argued the cause for Appellant, Accused. With him on the brief was Colonel George J. McCartin, Jr.

Captain Walter A. Smith, III, argued the cause for Appellee, United States. With him on the brief were Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, and Captain Richard K. Bank.

## Opinion of the Court

FERGUSON, Senior Judge:

The accused was convicted of one specification of assault with intent to commit murder, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. The Court of Military Review affirmed only assault with a means or force likely to produce grievous bodily harm, in violation of Article 128, Code, supra, 10 USC § 928, and reduced the confinement portion of the sentence to twenty months. It is with regard to an alleged error in the instructions that we granted review.

The complained of instruction, which related to a pretrial statement of the accused, is, in part, as follows:

" . . . [Y]ou must disregard the accused's pretrial statement to Agent Borsari unless you are satisfied beyond reasonable doubt of the voluntariness of the statement. Thus, if you are so satisfied that the pretrial statement of the accused was voluntarily made you may consider the in court testimony of the accused. However, if you have a reasonable doubt that the accused's pretrial statement was voluntary, you must not only disregard that statement as evidence in this case, but you may not consider the accused's in court testimony unless you are satisfied beyond reasonable doubt that there was no causal relationship between the accused's in court testimony and the involuntary precourt statement, and that the Government has affirmatively dispelled the inference that no in court utterance would have been made by the accused had not his involuntary pretrial statement been made or admitted in evidence. Thus the issue for you to determine is whether the admission into evidence of the accused's pretrial state-

33

ment, if involuntary, and you must determine this issue of involuntariness, impelled or induced him to testify to overcome the impact of matters in his statement. . . .

" . . . [U]nless you are satisfied beyond reasonable doubt that the Government has met this heavy burden in dispelling the inference that the accused's in court testimony was impelled or induced by admission in evidence of his earlier pretrial statement, you must reject the accused's testimony as well as the pretrial statement and disregard both as evidence in this case, unless you are convinced beyond reasonable doubt that the pretrial statement was voluntary. If you reject the in court testimony, of course it would be based upon the previous ruling and the lack of voluntariness on the part of the accused in making the statement he is alleged to have made, and which was presented in this court by Mr. Borsari."

When the judge inquired of the court members whether they required any additional instructions, one member asked:

" 'If I consider the pretrial statement as involuntary, must I then disregard all of the testimony of the accused, or only that which pertains to this statement?' "

The military judge then reread, almost verbatim, his previous instruction on impelled testimony.

When the matter was before the Court of Military Review, that body determined that the instruction was erroneous (United States v Hurt, 19 USCMA 206, 41 CMR 206 (1970)) but held that the accused was not prejudiced thereby on the ground that the statement had, in fact, been voluntarily made. Before this Court, the Government concedes error but contends that the Court of Military Review was correct in its finding of lack of prejudice.

The Court of Military Review and the Government are correct in their determination and concession that the

instruction was erroneous. United States v Hurt, supra. See also United States v Bearchild, 17 USCMA 598, 38 CMR 396 (1968) and Harrison v United States, 392 US 219, 20 L Ed 2d 1047, 88 S Ct 2008 (1968). The essence of the error is that the instruction deprives the accused of an opportunity to defend himself at trial.

The voluntariness of the statement by the accused to Agent Borsari was contested in an out-of-court hearing and the military judge ruled therein that he would admit the statement as a "spontaneous unsolicited remark by the accused." Later, in open court, however, he told the members that they would be given an opportunity "to ask questions which would have to do with the voluntariness of the statement." In addition, he instructed the court that they had the independent responsibility for deciding whether the statement was voluntary. He also told them, "You may accept the statement as evidence only if you determine beyond reasonable doubt that the statement was in fact voluntary. Otherwise, you must reject the statement, disregard it as evidence in the case."

The accused testified under oath and related his version of the circumstances surrounding the events which led to the charged offense of assault with intent to commit murder. He denied that he intended to kill anyone or that he *intentionally* assaulted anyone. Basically he defended on the ground of accident. On cross-examination, he testified that he did not remember making the statement attributed to him by Agent Borsari. The alleged statement, "if he [the accused] had a gun he would have capped [shot]" the victim, was a complete repudiation of the accused's in-court testimony.

Under the military judge's instructions, the court members were told that if they found the pretrial statement of the accused, that if he had had a gun he would have shot the victim, to be involuntary, they were to disregard it. In such circumstances, they were also to disregard the whole of the accused's testimony, including his denial of an

intent to kill or assault anyone, unless they were satisfied that his in-court testimony was wholly voluntary; that is, it was not impelled by the admission into evidence of the involuntary pretrial admission. This is an anomalous situation. Under this instruction, if the accused succeeds in convincing the court members that his pretrial statement is involuntary, he thereupon forfeits his testimony in open court, unless the members are convinced that his reason for testifying was in no way connected with the admission in evidence of the involuntary statement. This is simply not the law, as the Government concedes. United States v Hurt, supra. *The accused's right to testify in his own defense and to have that testimony considered by the court, is basic to due process and may not be abrogated.*

Since the voting on findings is conducted in secret, we have no way of knowing whether the court members accepted or rejected the appellant's testimony. Cf. United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969). In light of the erroneous instruction and the prominence given to it by virtue of the above-noted question of one of the court members, there is at least a reasonable doubt as to whether the accused's unalterable right to answer the charges was properly afforded him. Where there is room for reasonable doubt, such doubt must be resolved in favor of the accused. United States v Sanders, 14 USCMA 524, 34 CMR 304 (1964); United States v Lombardi, 14 USCMA 466, 34 CMR 246 (1964); United States v McIntosh, 12 USCMA 474, 31 CMR 60 (1961).

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge QUINN concurs.

DARDEN, Chief Judge (dissenting):

In this case a criminal investigator testified for the Government that he gave adequate Article 31 and counsel warnings to the appellant and that he proceeded no further than the warning requirement after the appellant requested the presence of counsel. According to the investigator, however, Carey then volunteered the comment that if he had had a gun he would have "capped" the victim.

During an out-of-court hearing the appellant testified that he had said nothing more after requesting counsel. Since the appellant denied having given an incriminating statement to the criminal investigator, the only issue was whether he uttered the statement. The accused could not disavow the statement and then contend it was involuntary. Consequently, instructions covering voluntariness were not required. Cf. United States v Ledlow, 11 USCMA 659, 29 CMR 475 (1960). In these circumstances, the erroneous instruction could not have harmed the appellant. United States v Shaw, 13 USCMA 144, 32 CMR 144 (1962). For this reason, I would affirm the decision of the Court of Military Review.