UNITED STATES, Appellee

v

WENDELL FORREST NOE, Ship's Serviceman Seaman,
U. S. Navy, Appellant

7 USCMA 408, 22 CMR 198

No. 8324

Decided November 2, 1956

*Commander Earl C. Collins,* USN, argued the cause for Appellant, Accused. With him on the brief was *Commander Leon G. Keys,* USNR.

*Major Charles R. Larouche,* USMC, argued the cause for Appellee, United States.

### Opinion of the Court

HOMER FERGUSON, Judge:

Ship's Serviceman Seaman Wendell Forrest Noe, United States Navy, was convicted of bigamy, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to a bad-conduct discharge, partial forfeitures, confinement at hard labor for six months, and reduction in grade. The convening authority reduced the forfeitures and the confinement at hard labor to two months, "but the execution of that portion thereof adjudging bad conduct discharge is suspended until the accused's release from confinement or until completion of appellate review, whichever is the later date." The board of review, with one member dissenting, affirmed the findings and sentence. We granted review to determine whether or not the law officer erred in instructing the court that the accused has the burden to prove beyond a reasonable doubt his defense of a mistake of fact.

The prosecution introduced documentary evidence to prove that the accused did "wrongfully and bigamously marry Alma Ruth Dugger, having at the time of his said marriage to Alma Ruth Dugger, a lawful wife then living . . . Zelma Ileene Noe." After moving unsuccessfully for a finding of not guilty at the conclusion of the prosecution's case-in-chief, the accused took the stand. He admitted the two marriages but added that at the time of his second marriage he believed himself divorced from his first wife, Zelma. The accused testified that during August 1954, Zelma, while living in Southport, Indiana, notified him that she was going to leave him. It was her avowed intention to return to her home in Sacramento, California, and obtain a divorce. Zelma left Southport and after several months, "right around Christmas," the accused contacted her by telephone. He was informed by his wife that she had obtained a divorce and "all she wanted was just support for the child." Thereafter, while on unauthorized absence, the accused married Alma Dugger. It was not until he was returned to military control that he learned that his wife had not divorced him. Knowledge of this circumstance was by receipt of a divorce complaint instituted by his wife, Zelma, in Sacramento, California.

Under the above facts the law officer correctly found that a defensive issue of mistake of fact had been █ raised. Accordingly he instructed the court as follows:

"Now, the defense in this case has introduced evidence tending to show that at the time of the alleged bigamous marriage to Alma Ruth Dugger the accused was under the mistaken belief that he was no longer married to Zelma Ileene Noe, who was then living. You are advised that a mistake of fact, which is an honest and reasonable belief in the existence of

circumstances which if true would make an act innocent, is a good defense to bigamy. Thus, a person who at the time of his alleged wrongful and bigamous marriage had an honest and reasonable belief that his prior marriage had ceased to exist cannot be found guilty of bigamy even though he may have been mistaken in that belief. Such belief must not only have been honest but it must also have been reasonable; that is, it must have been based on information which would indicate to a reasonable man that his prior marriage had ceased to exist. *It follows from what I have said that if you believe from the evidence beyond a reasonable doubt* that the accused had been informed that his first wife had been divorced from him and that he used due care to ascertain the truth and had, considering all the circumstances, reason to believe and did honestly believe at the time of his marriage to his second wife that his former wife had divorced him, you should find him not guilty. On the other hand, *if you believe from the evidence beyond a reasonable doubt* that the accused was laboring under an honest mistake of fact as to his first wife's divorce from him at the time he married his second wife but you believe such mistake was not reasonable in that it arose from a want of proper care on his part to ascertain the true situation, then such mistake will not avail him as a defense in this case." [Emphasis supplied.]

The principal purpose of a judge's charge to a jury is to explain the law applicable to the case, in order that the court-martial may apply the law to the facts and return a verdict. The United States Supreme Court stated in Bird v United States, 180 US 356, 21 S Ct 403, 45 L ed 570:

". . . The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved."

The accused admitted that he had contracted matrimony with both women but he also testified that his first wife left him to secure a divorce in California. And when he talked with her some months later, she informed him that she had gotten the divorce. Afterward he married the second time believing himself to be a free man. The accused having raised this issue, the Government then had the burden to prove beyond a reasonable doubt that his theory was not correct. If it did not he was entitled to a verdict of not guilty. If the trial court found his mistake both honest and reasonable, the accused was entitled to an acquittal. United States v McCluskey, 6 USCMA 545, 20 CMR 261. But under the law officer's instruction in order to acquit, the court was required to believe the defense of the accused beyond a reasonable doubt. This placed on the accused the burden of proof in his defense. It was not necessary for the accused to prove the truth of his contentions beyond a reasonable doubt. It was enough if his testimony raised in the minds of the court a reasonable doubt.

The Government argues that taken as a whole the instruction did not prejudice the accused; that in other portions of his instructions the law officer correctly instructed on reasonable doubt. The law is well settled that the "instruction as a whole" test is inapplicable where the court has been instructed both rightly and wrongly on a material issue. The correct instruction does not cancel out the prejudicial taint of the erroneous one. If two instructions are in direct conflict and one is clearly prejudicial the rule of the correct instruction as a whole does not apply. In Frank v United States, 220 F2d 559 (CA10th Cir) (1955), the court asserted:

"While the meaning of this instruction is not entirely clear, we are forced to conclude that it, in effect, declares that, if the jury should find that false statements were made which were relied upon by investors, an offense was committed even if such

statements were made in good faith.

"This was an erroneous instruction. The court did tell the jury in some three or four other instructions that they must find that any false statements made by the defendant must have been known by him to be false and that they must find that he intended to defraud in order to return a verdict of guilty. The question then arises whether the numerous statements in the instructions to the effect that the good faith of the defendant would be a defense can overcome the contrary statement made in Instruction No. 16 that good faith would not be a defense. We agree with the following statement made by Judge Miller in McFarland v. United States, 85 U.S. App. D. C. 19, 174 F. 2d 538, 539:

'If a charge to a jury, considered in its entirety, correctly states the law, the incorrectness of one paragraph or one phrase standing alone ordinarily does not constitute reversible error; but it is otherwise if two instructions are in direct conflict and one is clearly prejudicial, for the jury might have followed the erroneous instruction. Nicola v. United States, 3 Cir., 1934, 72 F. 2d 780, 787; Drossos v. United States, 8 Cir., 1924, 2 F. 2d 538, 539.'"

The Court of Appeals in Smith v United States, 230 F2d 935 (CA6th Cir) (1956), declared:

". . . When the court gives inconsistent instructions on a material issue this violates the principle that the instructions must not mislead the jury and therefore must be consistent and harmonious. The fact that one instruction is correct does not cure the error in giving another that is inconsistent with it."

The law officer, in United States v Rowan, 4 USCMA 430, 16 CMR 4, while instructing the court on the defense of mistake of fact, stated that the accused must establish this defense beyond a reasonable doubt. Judge Latimer, speaking for the Court, declared:

". . . The instruction given discloses that while informing the court-martial on the offered defense, the law officer expressly stated that the accused must establish his claimed mistake of fact beyond a reasonable doubt. While perhaps inadvertent, the instruction effectively shifted to the accused the burden of establishing that he lacked the criminal intent alleged. The instruction was erroneous, for the Government always bears the burden of establishing accused's guilt beyond a reasonable doubt, Minner v. United States, 57 F 2d 506, 512 (CA 10th Cir 1932). The Government argues that this erroneous instruction was effectively cured by another portion of the law officer's charge which correctly stated the legal formula concerning reasonable doubt and burden of proof. However, when two instructions are mutually inconsistent we cannot determine which one was accepted by the court-martial, nor can we say with fair assurance that the finding would not have been different had the burden of proof on this question been placed where it belonged. Price v. United States, 200 F 2d 652 (CA 5th Cir 1953); Drossos v. United States, 2 F 2d 538, 539 (CA 8th Cir 1924)."

This Court will not speculate as to the possible interpretation of an erroneous instruction. Chief Judge Quinn, for the Court, in United States v Williams, 1 USCMA 186, 2 CMR 92, announced:

". . . We can not speculate as to whether the court interpreted the law officer's instruction rightly or wrongly. When a substantial right is denied we will not speculate as to the extent of the damage done."

In our system of military jurisprudence the guilt of the accused may only be ascertained by the members of the court under proper judicial guidance by the law officer. Proper judicial guidance was not given in this case. The decision of the board of review is reversed, and the record of trial is returned for a rehearing under the provisions of Article 67(f) of the Uniform Code of Military Justice, 50 USC § 654.

Chief Judge QUINN and Judge LATIMER concur.