UNITED STATES, Appellee

v

WILLIAM E. McINTOSH, Airman Second Class,
U. S. Air Force, Appellant

12 USCMA 474, 31 CMR 60

No. 14,828

August 4, 1961

Colonel James L. Kilgore, Lieutenant Colonel Daniel E. Henderson, Jr., and Major William A. Crawford, Jr., were on the brief for Appellant, Accused.

Colonel Merlin W. Baker and Major James Taylor, Jr., were on the brief for Appellee, United States.

## Opinion

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused, among other offenses, was found guilty of possession of a false Military Special Order, with intent to deceive, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction to the grade of airman basic. The convening authority reduced the period of confinement involved to two years, but otherwise approved the sentence. The board of review affirmed, and we granted accused's petition for review on the issue whether the law officer prejudicially erred in instructing the court-martial on the elements of the offense of possessing false special orders. Our resolution of this issue does not require that the evidence be set out.

At the conclusion of the trial, the law officer delivered lengthy instructions to the court-martial. With reference to the offense under consideration, he stated the following:

"The accused is further charged with the Specification of Charge III, with the offense of wrongful possession of official Military Special Orders, knowing them to be false. The court is advised that to find the accused guilty of this offense, it must be satisfied by legal and competent evidence, beyond a reasonable doubt: That, at the time and place alleged, the accused, without authority, wrongfully had in his possession, with intent to deceive, a certain instrument purporting to be an official Military Special Order, as alleged, *that the accused knew that the said possession was false,* and that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

. . . . .

"Lesser included within this offense is the wrongful possession of this official Military Special Order, without intent to deceive, the elements of which are as follows: That, at the time and place alleged, the accused, without authority, wrongfully had in his possession, a certain instrument purporting to be an official Military Special Order, that the accused knew that the said possession was false, and that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

. . . . .

"I have advised you that the accused's knowledge that the Special Order, relating to the Specification and Charge III, that the Special Orders were false, and that this is an essential element of the offense of that specification and of the lesser included offense of that specification. You are instructed that you cannot convict the accused of this offense or the lesser included offense unless you are convinced beyond reasonable doubt that he had knowledge that the possession was so false. However, in this regard, such knowledge on the part of the accused, like any other fact, may be proved by circumstantial evidence, that is, by evidence of facts or circumstances from which it may justifiably be inferred that the accused had such knowledge." [Emphasis supplied.]

From the foregoing, it will be seen that, although the law officer in his introductory remarks twice referred to the requirement that accused must have known the orders in his possession were

**475**

false, in each instance in which he delineated the elements of the offense involved and the lesser included offense, he referred only to the necessity that the court-martial determine that accused's "possession was false."

The parties are agreed that knowledge of the falsity of a special order or pass is an essential element of the offense charged against the accused. In that assumption, they are correct. United States v Blue, 3 USCMA 550, 13 CMR 106. They also properly note that the law officer must instruct on each element of the offenses charged, or the findings of guilty must be set aside. United States v Walters, 10 USCMA 598, 28 CMR 164; United States v Williams, 1 USCMA 186, 2 CMR 92; United States v Clay, 1 USCMA 74, 1 CMR 74. From this point on, however, different approaches to the issue before us are urged.

The accused emphasizes the language used by the law officer in advising the court-martial of the elements of the crime charged and argues that there is no meaningful instruction on the requirement of knowledge. See United States v Smith, 8 USCMA 582, 25 CMR 86. On the other hand, the Government directs our attention to the two occasions on which the law officer stated that the accused was required to know the special order was false and contends that the instructions, taken as a whole, are sufficient. See United States v Sippel, 4 USCMA 50, 15 CMR 50; United States v Simpson, 10 USCMA 543, 28 CMR 109.

In United States v Smith, supra, we pointed out that grammatical nicety is not the test for the sufficiency of the law officer's advice to the court-martial on the elements of the offenses charged. Rather, the question to be resolved is whether the instructions provide meaningful guideposts to the members during their deliberations. In that case, we found the instruction "so garbled and so vague that it is 'tantamount to no instruction.'" United States v Smith, supra, at page 585. In like manner, the attempt here to depict the re-

quirement that the accused have knowledge of the order's falsity failed utterly to require the court-martial to reach a finding with respect to that element. At best, delineating a need for concluding that the accused knew his "possession was false" could only refer to the necessity that court members find that the accused had no authority to have the order in his custody. This is a far cry from setting forth the element of knowledge of the order's falsity and in nowise satisfies the need for instruction on that element. Thus, the only real issue before us is whether the Government's contention that the omission was cured by the law officer's other references to knowledge is correct. Again, we must conclude the deficiency was not so removed.

At best, we are confronted with instructions which, at one place, require only a finding of lack of authority to possess the order and, at another, the need for determining that the accused knew the order was false. When two such inconsistent requirements are present in the law officer's advice, we may not rely upon the doctrine of construing the instructions as a whole. United States v Noe, 7 USCMA 408, 22 CMR 198; United States v Holloway, 10 USCMA 595, 28 CMR 161. As was stated in the Noe case, at page 410:

". . . The law is well settled that the 'instruction as a whole' test is inapplicable where the court has been instructed both rightly and wrongly on a material issue. The correct instruction does not cancel out the prejudicial taint of the erroneous one. If two instructions are in direct conflict and one is clearly prejudicial the rule of the correct instruction as a whole does not apply."

When this principle is applied here, it is obvious that the findings of guilty cannot stand. United States v Clay, supra; United States v Smith, supra.

The findings of guilty of Charge III and its specification are set aside. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. The board of review

476

may reassess the sentence on the remaining findings of guilty.

QUINN, Chief Judge (concurring in the result):

In my opinion, the instructions are not inconsistent. There are in fact correct instructions on the necessity of finding beyond a reasonable doubt that the orders were false; and these are merely supplemented not contradicted by the instructions on falsity of possession. However, the instructions do mistakenly emphasize falsity of possession when they should have stressed the falsity of the orders. The question then is whether this undue emphasis tended to mislead the court-martial. Although I am inclined to think the court-martial appreciated the necessity of finding the orders were false, there is room for reasonable doubt. Doubtful instructions must be resolved in favor of the accused. I, therefore, concur in the result reached in the principal opinion.