UNITED STATES, Appellee

v

FRANK E. ROTH, Private, U. S. Marine Corps, Appellant

16 USCMA 465, 37 CMR 85

No. 19,605

December 23, 1966

*Lieutenant J. Arthur Bruno*, USNR, argued the cause for Appellant, Accused.

*Lieutenant Colonel Frederick H. Campbell*, USMC, argued the cause for Appellee, United States. With him on the brief was *Colonel J. E. Hanthorn*, USMC.

Opinion of the Court

KILDAY, Judge:

The accused was convicted of desertion, absence without leave, and failure to obey straggler orders, in violation of Articles 85, 86, and 92, Uniform Code of Military Justice, 10 USC §§ 885, 886, and 892, respectively. His sentence to dishonorable discharge, total forfeitures, and confinement at hard labor for two years was affirmed as assessed, with the exception of the confinement, which was reduced to eighteen months by the convening authority. Following affirmance by the board of review of the conviction and the sentence, we granted accused's petition to determine:

Whether the law officer erred prejudicially in his instructions to the court with regard to the burden of proof to be carried by the Government.

In view of the nature of the granted issue, the facts need not be set forth in detail. It is sufficient to note that both of the absence offenses were originally charged as desertion and that the accused judicially acknowledged the unauthorized nature of his absences, but contested the issue of intent to desert and the "straggler" offense. One board of review member expressed a reasonable doubt as to the

accused's intent to desert, in that charge of which he was found guilty.

At the conclusion of the trial on the merits, the law officer undertook to impart the instructions required by Article 51(c) of the Code. After reciting (1) the presumption of innocence, (2) resolving reasonable doubts in favor of the accused, and (3) findings in a lesser degree as to which there is no reasonable doubt, he declared:

". . . and fourth, that the burden of proof to establish the guilt *or innocence* of the accused beyond a reasonable doubt is upon the government." [Emphasis supplied.]

The defense contends that the law officer, by adding to the instructions the requirement that the Government establish *the innocence* of the accused beyond a reasonable doubt, opened an avenue to accused's conviction upon an erroneous principle.

Initially, the Government maintained that the addition of the words "or innocence" was merely a slip of the tongue and that, in any event, it neither added to nor detracted from the detailed instructions preceding it, especially in view of his primary instruction to the court that, "You must bear in mind that under the law the accused is presumed to be innocent of the charges against him."

On the day before that set for the hearing of oral argument in this Court, Government counsel moved for an enlargement of time to allow it to file a certificate of correction by the law officer which, purportedly, would reflect that the law officer did not say the words "or innocence" in his instructions and that he merely failed to find and correct the error at the time he authenticated the record. The motion was denied, but counsel was informed he would be allowed to file his affidavit subsequent to argument.

The complained-of instruction is a part of the so-called mandatory instruction set forth in Article 51(c), Uniform Code of Military Justice, 10 USC § 851. See also Manual for Courts-Martial, United States, 1951, paragraph 73*b*. In that connection, we early held that except in those cases where a guilty plea has been entered (United States v Lucas, 1 USCMA 19, 1 CMR 19), failure to submit these instructions for the enlightenment of the court members was error, prejudicial to the substantial rights of the accused (United States v Clay, 1 USCMA 74, 1 CMR 74); so, too, the omission of one part of this four-part instruction (United States v Cuen, 9 USCMA 332, 26 CMR 112).

Here, the law officer delineated the instructions in Article 51(c) but added words which, it is alleged, injected the fallacious notion that there is a burden upon the Government to establish the innocence as well as the guilt of the accused beyond a reasonable doubt. In United States v Skonberg, 10 USCMA 57, 27 CMR 131, the law officer instructed:

" 'You may find the accused guilty of any offense which you believe beyond a reasonable doubt from the evidence that he has committed. And you should acquit the accused of any offense that you are convinced beyond a reasonable doubt from the evidence that he has not committed. . . .' " [*Ibid.* at page 57.]

Holding the foregoing instruction prejudicially erroneous, we stated:

". . . If the accused is not proved guilty beyond a reasonable doubt of the charge against him, then he should be acquitted. There is never any requirement that the court members be convinced of the accused's innocence beyond a reasonable doubt before they may acquit. Such a requirement is exactly what the instructions in this case would have imposed." [*Ibid.* at page 58.]

Although the instruction in the case at bar did not, in so many words, require the court to find the accused innocent beyond a reasonable doubt, we believe it did advise the court that the Government had the burden of establishing his innocence as well as his guilt. Such advice is, in our opinion,

equivalent to that condemned in *United States v Skonberg, supra.*

The fact that the law officer gave otherwise correct instructions, when the instructions are viewed as a whole, is not controlling in this case. For where there is one correct instruction and one incorrect on the same material issue, the doctrine of "instructions as a whole" does not apply. *United States v Noe,* 7 USCMA 408, 22 CMR 198; *United States v Morphis,* 7 USCMA 748, 23 CMR 212; *United States v Alberico,* 7 USCMA 757, 23 CMR 221. If it be considered that the instruction as given was merely confusing, it is, in our belief, sufficiently confusing to at least raise a doubt as to whether the court properly understood and utilized the correct standard on the issue. And where there is room for reasonable doubt, such doubt must be resolved in favor of the accused. *United States v McIntosh,* 12 USCMA 474, 31 CMR 60; *United States v Lombardi,* 14 USCMA 466, 34 CMR 246; *United States v Sanders,* 14 USCMA 524, 34 CMR 304.

Nor are we dissuaded from our view of the error by the subsequently received affidavit of the law officer. Therein he states in pertinent part:

"7. That, as I advised the Staff Legal Officer of the convening authority as above indicated, no such words were included in my instructions, and my notes on the mandatory instructions contained no such phraseology. *Whether at this particular trial I was reading from my notes or using them to clue my memory I am unable at this time to state,* but I attribute the error in the record to my inadvertence in not making the appropriate deletion at the time of authentication." [Emphasis supplied.]

The law officer maintains he did not include the erroneous words in his instructions. Since they are not included in his notes, he candidly admits he is now unable to recall whether he read the instructions from his notes or utilized them to refresh his memory. Inasmuch as the words appear on the reporter's stenomask tapes, we can only conclude they were spoken as transcribed, albeit inadvertently. This "slip of the tongue," however, does not justify failure to comply with the mandatory requirements of Article 51(c), Code, supra. *United States v Cuen, supra.* Indeed, in *United States v Titus,* Docket Number 19,342, we reversed by order, dated May 27, 1966, because the law officer reportedly declared:

"A finding of guilty results as to any specification or charge if no other valid finding is reached thereon."

Accordingly, we hold that the law officer erred prejudicially in his instructions to the court.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for action not inconsistent with this opinion.

Chief Judge QUINN and Judge FERGUSON concur