UNITED STATES, Appellee

v

WILLIAM L. CLARK, Private First Class, U. S. Marine Corps, Appellant

19 USCMA 82, 41 CMR 82

No. 21,997

November 28, 1969

*Lieutenant Scott M. Feldman,* JAGC, USNR, argued the cause for Appellant, Accused.

*Captain Charles E. Patterson,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

## Opinion

FERGUSON, Judge:

The accused was convicted, upon his plea of guilty, by general court-martial, convened in the Republic of Vietnam, of a number of offenses under the Uniform Code of Military Justice. Included therein was a charge (number 1) under Article 80, 10 USC § 880, that the accused,

". . . did, at DaNang Air Base, DaNang, Republic of Vietnam, on or about 9 February 1968, attempt, by threats of force and violence and with wrongful intent, to exercise control of an aircraft in flight in air commerce to wit: a Pan American Airways DC-6B aircraft transporting United States Military

Personnel to R and R leave in Hong Kong, British Crown Colony."

For the reasons set forth below, we believe that the accused's conviction cannot be sustained.

This particular offense is not directly proscribed by the Code. Rather, it seems, from the specification, that the accused was charged with aircraft piracy, prohibited by Title 49, section 1472(i), United States Code, which provides:

". . . (1) Whoever commits or attempts to commit aircraft piracy, as herein defined, shall be punished—

(A) by death if the verdict of the jury shall so recommend, or, in the case of a plea of guilty, or a plea of not guilty where the defendant has waived a trial by jury, if the court in its discretion shall so order; or

(B) by imprisonment for not less than twenty years, if the death penalty is not imposed.

"(2) As used in this subsection, the term 'aircraft piracy' means any seizure or exercise of control, by force or violence or threat of force or violence and with wrongful intent, of an aircraft in flight in air commerce."

The words *in flight,* as provided in the statute, are not subject to varying interpretations for the legislative history of the law makes it clear that the aircraft must be *in the air* in order for the offense of aircraft piracy to be committed. As House Report No. 958, which accompanied the legislation, states:

". . . [I]t should be pointed out that the reported bill, except for the provision relating to concealed deadly or dangerous weapons, covers only offenses committed while an aircraft is in flight. In flight means from that point on the runway at the end of the takeoff roll where the aircraft leaves the ground to that point on the landing runway where the aircraft touches down, and *does not apply to acts committed on an aircraft on the ground."* [2 United States Code Congressional and Administrative News 2563, 2565–2566, 87th Congress, 1st Session, 1961.] [Emphasis supplied.]

One of the basic purposes of the act was to provide a solution to the jurisdictional problem involved in fixing a locus for a crime committed in transit and in arresting a deplaning passenger who may have engaged in criminal activity over the territory of a different state. United States v Healy, 376 US 75, 11 L Ed 2d 527, 84 S Ct 553 (1964).

In the case at bar, the specification reflects that the charged offense allegedly occurred "at Da-Nang Air Base, DaNang, Republic of Vietnam." It cannot immediately be determined from the wording of the specification whether or not the plane was actually *in flight.* According to a stipulation of fact, however, read into the record by trial counsel after findings and during the sentencing portion of the court-martial, all of the action constituting the charged offense took place aboard the aircraft while it "was waiting to take on passengers." Despite the accused's orders that the plane take off it never left the passenger area. In mitigation, the accused testified in accordance with the stipulation. This evidence in mitigation serves to clarify the wording of the specification and reflects that neither the offense of aircraft piracy nor an attempt thereat could have been perpetrated. Both require, as an essential element of the offense, that the plane be airborne. The evidence here is to the contrary. Under these circumstances the offense was *legally* impossible of commission. See United States v Thomas, 13 USCMA 278, 32 CMR 278.

In *Thomas,* that accused and another were convicted of lewd and lascivious conduct, attempted rape and conspiracy to commit rape. At the time of the offense they believed

their female victim to be unconscious from drinking. The evidence, however, revealed that she was in fact dead. This was the basis for the finding of attempted rape rather than rape as originally charged.[1] A board of review reversed the rape and conspiracy convictions on the ground that since the intended victim was dead these offenses were *legally* impossible of commission. It affirmed only the offense of lewd and lascivious conduct. A majority of this Court, upon certification by the Judge Advocate General of the Navy, held that the board was not correct in its action and reversed its findings, returning the case for further action.[2] In its opinion, in *Thomas,* the majority cited numerous authoritative publications concerning the offense of attempt to commit a crime. As stated, at page 283:

"In practically all of the foregoing articles and texts, the specific question involved in this case —impossibility of completion of the substantive crime—is discussed at very considerable length. The two reasons for 'impossibility' are treated in this connection: (1) If the intended act is not criminal, there can be no criminal liability for an attempt to commit the act. This is sometimes described as a 'legal impossibility.' (2) If the intended substantive crime is impossible of accomplishment because of some physical impossibility unknown to the accused, the elements of a criminal attempt are present. This is sometimes described as 'impossibility in fact.'

"The authorities seem to be in fair accord that (1), above, is not punishable as an attempt. There is some considerable conflict of authority as to whether (2), above, is punishable as an attempt, but the preponderance seems to be that such instances do constitute attempts."

There follows this quotation in *Thomas,* an extensive listing of circumstances in prior cases in which the courts found either impossibility in law or in fact, as well as additional discussion of the factors pertaining to these determinations. The interested reader is referred thereto. United States v Thomas, supra, at pages 282–286.

It is clear that the offense charged in the case at bar was *legally* impossible of commission. In order for the substantive offense of aircraft piracy, or even an attempt thereat, to be committed, the law specifically requires that the aircraft be airborne. Since in this case it was not, the accused's conviction cannot be sustained. See cases collated in United States v Thomas, supra, at page 283.

The decision of the board of review affirming the accused's conviction of Charge I and its specification is reversed and the charge is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty.

Chief Judge QUINN concurs in the result.

DARDEN, Judge (concurring in the result):

I believe that Charge I is not triable by court-martial.

Article 80, Uniform Code of Military Justice, 10 USC § 880, permits the trial, conviction, and punishment by court-martial of any person sub-

---

[1] The law officer instructed the court that in order to convict of rape, the court must first find that the victim was alive. No such finding was necessary for an attempt to rape or conspiracy to rape.

[2] I dissented to that portion of the *Thomas* opinion which held that the board of review was incorrect in finding attempted rape legally impossible. In that determination I believe they were incorrect. I concurred with my brothers' holding with reference to the conspiracy to commit rape.

ject to the Code who "attempts to commit any offense punishable by this" Code. If an "attempt" is alleged under this article it must relate to an offense chargeable under the Code.

Aircraft piracy, Title 49, section 1472(i), United States Code, is a capital offense effective beyond the continental limits and triable in a civilian court. Military charges for offenses made crimes by Federal statute are normally alleged as violations of Article 134,[1] Code, supra, 10 USC § 934—if the crimes are not punishable by death. Of the latter Congress has erected "an absolute barrier against military courts trying peacetime offenses which permitted the imposition of the death penalty in civilian courts." United States v French, 10 USCMA 171, 178–179, 27 CMR 245.

Charge I did not refer specifically to section 1472(i) of Title 49, United States Code, but "[i]t is well-settled that if a specification sets out the essential elements of an offense it need not also specify the name or the number of the statute defining the offense, unless the designation is necessary to a proper understanding of the charge." United States v Hogsett, 8 USCMA 681, 686, 25 CMR 185.

A capital offense cannot be converted into a noncapital one by charging it as discrediting conduct under the general article because this would render the "crimes and offenses not capital" portion of the article meaningless and impermissibly "widen the sweep of military jurisprudence beyond the intent of Congress and the limitations of the Code." United States v French, supra, at page 178. The Government may not do indirectly what it is precluded from doing directly.

Because the substantive offense is not an offense punishable by the Code, neither is an attempt to commit it punishable under Article 80, Code, supra. There is, in essence, a jurisdictional defect that requires dismissal of Charge I, its specification, and reassessment of the sentence.

---

[1] "Art. 134. General article.
"Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or sum mary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court." Uniform Code of Military Justice.