UNITED STATES, Appellee

v

ARLEN V. TACKETT, Private First Class,
U. S. Marine Corps, Appellant

19 USCMA 85, 41 CMR 85

No. 22,045

November 28, 1969

*Commander E. M. Fulton, Jr.,* JAGC, USN, argued the cause for Appellant, Accused.

*Captain Lester G. Fant, III,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by special court-martial of one specification of being absent without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $73.00 per month for a like period. Intermediate appellate authorities affirmed the findings and sentence but the officer exercising general court-martial jurisdiction suspended the punitive discharge for the period of confinement and twelve months thereafter with provision for automatic remission. We granted review to consider whether the president erred prejudicially in his instructions on sentence and whether the accused's plea of guilty was provident in view of the president's failure to delineate the essential elements of the offense when inquiring into the plea.

Turning initially to the question of the providence of the accused's plea, this issue was granted ■ prior to our decision in United States v Care, 18 USCMA 535, 40 CMR 247, which is applicable to cases tried before August 29, 1969. In light of our opinion in *Care,* we hold that the accused's plea in this case was provident.

With reference to the contention that the president erred in his instructions on sentence, the record reflects that after findings trial counsel read to the court the personal data concerning the accused from page one of the charge sheet. After advising the court that he had no evidence of previous convictions, trial counsel stated he had nothing further to offer. The president then informed the accused of his right to present evidence in mitigation or extenuation, to testify under oath, or to make an unsworn statement either in writing or orally. The accused elected to take the latter course and stated as follows:

"I went AWOL on 24 May 1968. The reason I went UA was to find a way to get out of the Service; to find a lawyer or something whereas I could get out of the Service. This is my main reason for leaving, not meaning to come back until I could get this—this done. The reasons for this, and my own reasons. One that—my own belief that I have any use in Vietnam or anything to do

with that. And, also, my own belief—society, in which we are today, I don't think I would like to put down my life for it today. The way it stands. The way I see it. That's all I have. That's all of my statement, sir."

Defense counsel then announced that he had nothing further to offer. Neither side argued on sentence or proposed any special instructions.

In his instructions on sentence, the president told the court, in part:

"In exercising your discretion in determining the sentence to be adjudged, you should consider all the facts and circumstances of the case. In this regard, you may consider all matters in extenuation and mitigation as well as those in aggravation, whether introduced before or after the findings; the reputation or the background and character of the accused; the reputation or record of the accused in the service for good conduct, efficiency, fidelity, courage, bravery, or other traits which characterize a good Marine; and the nature and duration of pretrial restraint, if any."

He also told the court that it could consider the accused's unsworn testimony in mitigation that he desired to get out of the service and went absent without leave for that reason because he objected to the war in Vietnam and did not feel that he should lay down his life for today's society being such as it is.

Appellate defense counsel contends that the above-quoted instruction was inappropriate for this case since *no* evidence of this nature was presented; it, in effect, was tantamount to a comment on the failure of the accused to testify as to the matters listed therein; and implied, or at least allowed the court members to infer, that no such evidence was presented because it would have been unfavorable to the accused.

The Government avers that the instructions were in accord with this Court's mandate in United States v Wheeler, 17 USCMA 274, 38 CMR 72; that, thereby, the court was advised it should consider the accused's desirable characteristics, one of which was the fact that he had not previously been convicted by court-martial.

In United States v Wheeler, supra, at page 278, this Court "urge[d] law officers carefully to shape their instructions on the sentence to the *evidence presented* and to inform the court members fully as to their responsibilities." (Emphasis supplied.) The recurring theme in all of our opinions on sentence instructions is that the law officer or president of the court shall tailor his instructions to the law and the evidence, just as in the case of prefindings advice. See, generally, United States v Wright, 18 USCMA 348, 40 CMR 60; United States v Yocom, 17 USCMA 270, 38 CMR 68; United States v Hutton, 14 USCMA 366, 34 CMR 146; United States v Cook, 11 USCMA 579, 29 CMR 395.

The complained of instruction in this case referred to matters that an accused *may* offer in evidence in mitigation, according to paragraph 75c(4), Manual for Courts-Martial, United States, 1951. Since the accused did not offer evidence of this nature, it was error for the president to call it to the attention of the members of the court-martial.

An instruction regarding principles not involved in the case may have the effect of misleading the court members and be prejudicial to the accused. United States v Duckworth, 13 USCMA 515, 33 CMR 47; United States v Roberson, 12 USCMA 719, 31 CMR 305; United States v Tucker, 14 USCMA 376, 34 CMR 156; United States v Sanders, 14 USCMA 524, 34 CMR 304. Doubtful instructions must be resolved in favor of the accused. United States v McIntosh, 12 USCMA 474, 31 CMR 60. Since, in

this case we have no way of measuring the effect of the error on the deliberation of the court,[1] reversal as to sentence is in order.

The decision of the board of review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on sentence may be ordered.

Chief Judge QUINN and Judge DARDEN concur.

---

[1] It should be noted that the sentence adjudged was the maximum sentence imposable by a special court-martial.