UNITED STATES, Appellee,

v.

Cameron E. WILLIAMS, Private First Class, U. S. Army, Appellant.

No. 31,783.
CM 433097.

U. S. Court of Military Appeals.

March 25, 1977.

*Colonel Alton H. Harvey, Major Richard J. Goddard, Captain Albert T. Berry, Captain Ralph E. Sharpe,* and *Michael Dunlavey, Esquire* were on the pleadings for appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Major Steven M. Werner,* and *Captain Conrad J. Rybicki* were on the pleadings for appellee, United States.

Opinion of the Court

PER CURIAM:

■ In an apparent misstatement to the court members regarding their deliberations on the charges, the military judge in this case instructed that "the elements of the two charges that are to be voted upon should be determined by the president subject to objection by a majority of the court."

The standard instruction suggested by the Military Judges' Guide [1] is that "the order in which the several charges and specifications are to be voted upon should be determined by the president subject to objection by a majority of the court." Previously the military judge had instructed the court on the law, putting forth fully the elements of each offense charged. The result, thus, was a patently inconsistent standard for the court members to follow in their evaluation of the elements of the alleged offenses before them.

In *United States v. Pennington,* 21 U.S.C.M.A. 461, 465, 45 C.M.R. 235, 239 (1972), we unanimously stated:

Where the military judge's instructions to the court members set forth two inconsistent standards—one correct and the other incorrect—its propriety cannot be measured as a whole. Courts simply have no way of determining which principle—that which is correct or that which is erroneous—the court members elected to follow. United States v Noe, 7 USCMA

1. Paragraph 2–4, Department of Army Pamphlet 27–9 (1969).

408, 22 CMR 198 (1956); United States v Skonberg, 10 USCMA 57, 27 CMR 131 (1958); United States v Sanders, 14 USCMA 524, 34 CMR 304 (1964); United States v Burse, 16 USCMA 62, 36 CMR 218 (1966).

In *Pennington*, the military judge gave an instruction during his exposition of the law that served to obviate application of a rule of law enunciated during his instruction on the elements of the charge. There, as in the present case, the propriety of the instructions as a whole could not be measured. Inconsistent instructions make proper consideration of the issue by court members impossible and require reversal.

*United States v. Truman*, 19 U.S.C.M.A. 504, 42 C.M.R. 106 (1970); *United States v. Pelletier*, 15 U.S.C.M.A. 654, 36 C.M.R. 152 (1966). As we have stated before, "[d]oubtful instructions must be resolved in favor of the accused." *United States v. Tackett*, 19 U.S.C.M.A. 85, 87, 41 C.M.R. 85, 87 (1969). *See also United States v. McIntosh*, 12 U.S.C.M.A. 474, 477, 31 C.M.R. 60, 63 (1961) (concurring opinion).

The decision of the U.S. Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.