**UNITED STATES, Appellee,**

**v.**

**Private (E–2) James E. ALLEN, 421–78–2583, United States Army, Appellant.**

**SPCM 19475.**

U.S. Army Court of Military Review.

25 Feb. 1986.

---

For Appellee: Colonel James Kucera, JAGC, Captain Thomas E. Booth, JAGC, Major Leonard L. Lucey, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

Private Allen pleaded guilty at a special court-martial to conspiracy to commit robbery and assault upon a fellow soldier with intent to commit robbery in violation of Articles 81 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 934 (1982), respectively. After conducting a providence inquiry, the military judge accepted the guilty pleas and convicted Private Allen accordingly.

The sentence was imposed by commissioned and noncommissioned court members. During the presentencing proceedings, the trial and defense counsel introduced evidence for the court members' consideration.[1] The military judge's instructions on sentencing procedure included the statement that, "You vote on each proposed sentence *in its entirety....*" (Emphasis added.)

After the military judge completed his charge to the court members, the following dialogue occurred between him and the president of the court:

PRES: I have a question, Your Honor.
MJ: Yes?
PRES: In your instructions, you said that we must write out a full sentence. Can we not vote on portions of it, for instance?
MJ: You may—I didn't mean to imply that you must vote out a full sentence.
PRES: We can vote on portions of it?

For Appellant: Major Lawrence F. Klar, JAGC, Captain Robert W. Wiechering, JAGC (on brief).

1. It is noted that a written stipulation of expected testimony was introduced by the trial defense counsel, admitted into evidence by the military judge, read to the court members, and given to them to take into the deliberation room. Stipulated testimony, like other forms of testimony, is heard by fact finders but not handled by them. As the military judge is ultimately responsible for controlling the disposition and use of exhibits, it is suggested that he keep a log of the exhibits as they are marked for identification and admitted, and that he conduct an inventory with the president of the court prior to deliberations to ensure that the court-members have only the proper exhibits.

MJ: You can vote on portions. You determine the appropriate sentence in this case.

PRES: Yes, sir.

MJ: I merely gave you an outline of the individual punishments which are available to you.

PRES: Yes, sir.

MJ: Whether or not any or all of those punishments are appropriate is for your determination as members of the court.

PRES: Thank you, sir.

MJ: I want to make that rule emphatically clear.

The court sentenced Private Allen to reduction to the grade of Private E-1, to forfeit $382.00 pay per month for six months, to confinement at hard labor for six months, and to a bad conduct discharge. The convening authority approved the sentence as adjudged, but suspended the confinement in excess of 45 days and the discharge.[2]

Private Allen contends that the military judge's instructions permitted the members to vote on portions of proposed sentences rather than voting on proposed sentences in their entirety. We agree, but find no prejudice.

The military judge's responses to the president's first two questions were that the court members did not have to "vote out a full sentence," but could "vote on portions" of a sentence. When analyzed separately, these comments suggest that the military judge intended to contradict his previous instruction to the court members to vote on each proposed sentence in its entirety. However, when his responses are considered with his subsequent declarations—"I merely gave you an outline of the individual punishments which are available to you. Whether or not any or all of those punishments are appropriate is for your determination."—it is obvious that the military judge did not intend to give contradictory instructions. Instead, he wanted the court members to know they were not required to vote on all of the individual punishments (reprimand, admonition, reduction in grade, restriction, hard labor without confinement, confinement at hard labor, forfeiture of pay, detention of pay and bad-conduct discharge) he outlined to them, but that it was permissible to consider portions of these available penalties to fashion proposed sentences.

Although not done intentionally, the instructions to the court members were in fact contradictory and, in the words of government appellate counsel, "confusing at best." The military judge bears the responsibility for providing court members with lucid guidance to enable them to employ the proper procedures in voting for a sentence. In this case, we would be shifting that responsibility to the trial defense counsel if we invoked the waiver doctrine because of his failure to object to the instruction. *See United States v. Gaiter*, 1 M.J. 54, 56 (C.M.A.1975); *United States v. Grosso*, 23 C.M.R. 30, 35 (C.M.A.1957).

■ In *United States v. Sanders*, 34 C.M.R. 304, 310 (C.M.A.1964), Judge Kilday cited the following quotation from 53 Am. Jur. *Trial* § 557 with approval: "Instructions as a whole must be consistent and harmonious, not conflicting and contra-

2. Under the terms of a pretrial agreement, the convening authority was obliged to suspend confinement in excess of forty-five days for a period of six months. Otherwise, he was at liberty to approve the remaining portions of the sentence. The staff judge advocate, in his initial review to the convening authority, advised him to do so. The trial defense counsel, Captain Lawrence J. Morris, is commended for his post-trial representation of Private Allen. It has long been recognized, and repeated on numerous occasions at the appellate levels, that an accused's best opportunity for sentence reduction is at the initial review stage by the convening authority. *United States v. Howard*, 48 C.M.R. 939, 944 (C.M.A.1974). Captain Morris prepared a petition for clemency to suspend the discharge and received the indorsements of his client's battalion and brigade commanders. He convinced the staff judge advocate of the merits of the petition. In a supplemental review, the staff judge advocate recommended that the sentence be approved but that a portion of the confinement *and* the bad-conduct discharge be suspended.

dictory." [3] Where inconsistent instructions are given we simply have no way of determining whether the members elected to apply the correct principles. *United States v. Williams*, 3 M.J. 12 (C.M.A.1977); *United States v. Pennington*, 45 C.M.R. 235, 239 (C.M.A.1972); *United States v. Burse*, 36 C.M.R. 218, 221 (C.M.A.1966). We believe the instructions in this case to be sufficiently confusing to at least raise a doubt as to whether the court members properly understood and used the correct voting procedure on sentence. And where there is room for reasonable doubt, such doubt must be resolved in favor of the appellant. *United States v. Carey*, 44 C.M.R. 87, 89 (C.M.A.1971); *United States v. Tackett*, 41 C.M.R. 85, 87 (CMA 1969); *United States v. Roth*, 37 C.M.R. 85, 87 (C.M.A.1966); *United States v. Hartley*, 36 C.M.R. 405, 412 (C.M.A.1966).

The Manual for Courts-Martial prescribes procedures for voting on a sentence. Neither the 1951 edition nor the 1969 revised edition required that court members vote on proposed sentences in their entirety.[4] However, in *United States v. Cates*, 39 C.M.R. 474, 475 (A.B.R.1968), the court held that under the 1951 Manual for Courts-Martial, the court members had to be instructed to vote on the proposed sentences *each in its entirety* and that to permit deviations from that procedure might be detrimental to the accused and to the government. In that case the law officer had instructed the court members that they could vote on individual component parts of proposed sentences.

In *Cates*, a rehearing on the sentence was authorized although it was determined that prejudice was unlikely. If *Cates* holds that the instructional error in question is prejudicial *per se*, we respectfully decline to follow. We do not perceive the omission of the phrase "in its entirety" from sentencing instructions as a violation of military due process. Indeed, as noted, it was not specifically required by prior editions of the Manual for Courts-Martial. The inclusion of the phrase in the instruction would merely aid the court members in discharging their responsibility in an orderly procedural manner. Rather, we deem it better to determine pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a), whether there was a fair risk of prejudice to Private Allen.

Private Allen was convicted of two grave felonies, conspiracy to commit robbery and assault with intent to commit robbery, that are usually referred to a general court-martial. On the basis of the evidence before the members, it would have been surprising if he had not received the maximum punishment authorized by a special court-martial. A pretrial agreement allowed for suspension of confinement over forty-five days and clemency by the convening authority suspended the bad-conduct discharge. Both suspensions have been remitted. It is inconceivable that either reassessment of the sentence or a rehearing would produce a more favorable result for Private Allen. We, therefore, find that the instructional error resulted in no prejudice.

The remaining assignment of error has been considered and determined to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge NAUGHTON concur.

---

**3.** *See also United States v. Mack*, 40 C.M.R. 700, 705 (A.B.R.1969).

**4.** However, Rule for Courts-Martial 1006(d)(3)(A), Manual for Courts-Martial, United States, 1984, provides in pertinent part: "All members shall vote on each proposed sentence *in its entirety* beginning with the least severe and continuing, as necessary, with the next least severe, until a sentence is adopted by the concurrence of the number of members required...." (Emphasis added.)