UNITED STATES, Appellee

v

HOMER L. HAMPTON, Airman Third Class, U. S. Air Force, Appellant

16 USCMA 304, 36 CMR 460

No. 19,521

July 29, 1966

*Colonel Joseph Buchta* and *Lieutenant Colonel Milton E. Kosa* were on the pleadings for Appellant, Accused.

*Colonel Emanuel Lewis* was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Tried by special court-martial, the accused pleaded not guilty to larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. He was found guilty and sentenced to bad-conduct discharge, forfeiture of $60.00 per month for six months, confinement at hard labor for six months, and reduction. Intermediate appellate authorities have affirmed, and we have before us accused's petition for review, in which it is asserted:

"DEFENSE COUNSEL'S CLOSING ARGUMENT, FOLLOWING A NOT GUILTY PLEA BY ACCUSED, CONCEDED ACCUSED'S GUILT AND THEREFORE THE PRESIDENT ERRED IN FAILING TO INQUIRE *sua sponte* WHETHER DEFENSE COUNSEL'S CONCESSION WAS MADE WITH A FULL UNDERSTANDING BY THE ACCUSED OF THE CONSEQUENCES THEREOF."

The defense counsel's argument in full is as follows:

"The prosecution has successfully proven that the accused is guilty of the offense charged. The defense feels that since the possible sentence in this case is rather severe and since the government must prove the guilt of the accused beyond a reasonable doubt, the only effective method is to place this burden on the shoulders of the prosecution and plead not guilty; and, accordingly, we have done so. I believe the evidence that the trial counsel presented has proven beyond a reasonable doubt that he is guilty. I have nothing further, sir."

Such an outright concession of guilt by counsel, in face of his client's plea of not guilty, is prejudicially erroneous. United States v Walker, 3 USCMA 355, 12 CMR 111; United States v McFarlane, 8 USCMA 96, 23 CMR 320; United States v Smith, 8 USCMA 582, 25 CMR 86; United States v Mitchell, 16 USCMA 302, 36 CMR 458. It, in effect, amounted to pleading the accused guilty at the close of the case on the merits. At the very least, the concession demanded interrogation of the accused concerning his agreement thereto, as well as examination into his understanding of its meaning and effect as a virtual plea of guilty. United States v Chancelor, 16 USCMA 297, 36 CMR 453, and cases cited therein. Otherwise, "[n]othing . . . can possibly support a contention that counsel for defendant can override his client's desire expressed in open court to plead not guilty and enter in the name of his client another plea—whatever the label—which would shut off the defendant's constitutional right to confront and cross-examine the witnesses against him which he would have an opportunity to do under a plea of not guilty." Brookhart v Janis, 384 US 1, 7, 16 L ed 2d 314, 86 S Ct 1245 (1966).

The petition for review is granted, and the findings of guilty are set aside. The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.