UNITED STATES, Appellee,

v.

Private E-2 Ronnie E. CROOKS, SSN 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, United States Army, Appellant.

CM 435362.

U. S. Army Court of Military Review.

28 Sept. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain David Hostler, JAGC, Captain John H. Milne, JAGC, and Captain Michael V. Smith, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Major Michael B. Kennett, JAGC, and Captain Dale L. Anderson, JAGC, were on the pleadings for appellee.

Before CLAUSE, COSTELLO and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT

COSTELLO, Judge:

Appellant was convicted by a military jury of aggravated assault in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. His initial assertion of error did not state a basis for granting relief, but supplementary pleadings have raised issues warranting discussion.

Appellate defense counsel moved for leave to file three affidavits with a Supplemental Assignment of Error alleging that "The appellant was inadequately represented at his court-martial." In those affidavits, appellant charged his trial defense counsel with failure to secure essential witnesses made known to him by appellant before trial. Appellate counsel assert that "the information contained therein is relevant to a full and fair resolution of appellant's contention. . . ."

Concurrent with our grant of leave to file the supplementary materials, we ordered briefs to be filed on this issue:

TO WHAT EXTENT SHOULD THE INVESTIGATORY REQUIREMENTS AND WITHDRAWAL OPTIONS ESTABLISHED BY PARAGRAPHS 8.6(a) AND (b) OF THE ABA STANDARDS RELATING TO THE PROSECUTION FUNCTION AND THE DEFENSE FUNCTION BE ADOPTED FOR THE UNIQUE MILITARY PROCEEDINGS PURSUANT TO ARTICLE 66, UCMJ?

The text of those paragraphs of the Standards is set out in the margin.[1] They concern us because the prosecution and defense function Standards apply to Army personnel "[u]nless they are clearly inconsistent with" the *Code, Manual* or departmental regulations. Paragraph 2–32, AR 27–10, dated 4 November 1975; *see United States v. Herndon,* 2 M.J. 875 (A.C.M.R.1976) [petition granted 15 Nov. 1976].

■ Our review of the affidavits filed on the adequacy of counsel issue leads us to find that the allegations have been fully investigated. There is no substance to appellant's present allegations, his counsel was "adequate." Although that finding disposes of the narrow issue raised with respect to this case, we must also consider the more general problem stated in the Specified Issue.

■ In reply to our Specified Issue, appellate defense counsel opined that the Standards were generally applicable to Army defense counsel. However, they argued further that the investigative duties imposed by paragraph 8.6 ought to be shared between appellate defense counsel and this Court. Government counsel responded that the Standards applied only to proceedings at the trial level, not to those before this Court. We agree with neither view.

The Secretary of Army, in promulgating AR 27–10, did not overlook the implications of the organization and terms of the Standards. Standard 8.6 appears in the final major division of the Standards following sections dealing with general matters, Disposition without Trial, and the Trial. The last section, Section 8 is titled "After Conviction" and includes rules for both sentencing proceedings and appeals. In that context the phrase "in an earlier phase of the case" as it appears in Standard 8.6 may have any of numerous possible meanings depending on the phase from which one looks back.[2] We hold that Standard 8.6 is applicable to military appellate counsel in their relationship with trial counterparts.

■ Two types of problems may face counsel in future cases. There will doubtless be those in which appellate defense counsel is unable to investigate as fully as he would like. His remedy then is to petition this Court for appropriate relief or assistance, following the same high standards required for other pleadings at this level. *See High v. Rhay,* 519 F.2d 109 (9th Cir. 1975). The second predictable problem is the recalcitrant client, the one who will not accept counsel's advice to abandon a frivolous assignment of error. The Court of Military Appeals has already approved the *Anders* procedure for counsel in such cases. *United States v. Larneard,* 3 M.J. 76, n. 19, (C.M.A.1977), citing *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Therefore, our view of Standard 8.6 does not put counsel on the horns of any dilemma. He has ethical responsibilities which may clash, but he also has ethical and effective courses of action open to him.

---

1. "8.6 Challenges to the effectiveness of counsel.

(a) If a lawyer, after investigation, is satisfied that another lawyer who served in an earlier phase of the case did not provide effective assistance, he should not hesitate to seek relief for the defendant on that ground.

(b) If a lawyer, after investigation, is satisfied that another lawyer who served in an earlier phase of the case provided effective assistance, he should so advise his client and he may decline to proceed further."

2. "Phases" of the court-martial process are identified in *United States v. Flint,* 50 C.M.R. 865, 868 (A.C.M.R.1975), *affirmed* with further delineation of the phases at 24 U.S.C.M.A. 270, 51 C.M.R. 722, 1 M.J. 428 (C.M.A.1976).

Accordingly, the findings of guilty and the sentence are *AFFIRMED*.

Senior Judge CLAUSE and Judge TALIAFERRO concur.