UNITED STATES, Appellee,

v.

**Private First Class (E–3) Mark R. SUBLETT, SSN 261–25–4954, United States Army, Appellant.**

**CM 436337.**

U. S. Army Court of Military Review.

17 March 1978.

Major Andrew W. Maron, JAGC, argued the cause for appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, and Captain Steven E. Napper, JAGC.

Captain Douglas P. Franklin, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Steven M. Werner, JAGC.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of burglary, assault with intent to commit rape, and assault and battery in violation of Articles 129, 134, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 929, 934 and 928. The court with members sentenced him to a bad-conduct discharge, forfeiture of $200.00

pay per month for 120 months, confinement at hard labor for 120 months, and reduction to Private E–1. The convening authority reduced the period of confinement and forfeitures to 60 months, approving the remainder of the sentence as adjudged.

■ In our review of the case pursuant to Article 66, UCMJ, we are concerned with the error alleging appellant was denied the effective assistance of counsel. The appellant asserts inadequacy of representation on three grounds, viz., the arguments of trial defense counsel were concessions of guilt, cross-examination of prosecution witnesses was deficient, and the overall handling of the case was poorly conceived and executed. We disagree with all three contentions.

The trial defense counsel was confronted with an almost impossible case. His client, the appellant, was caught nude just outside the victim's quarters as he tried to flee. Counsel recognized that the only avenue of defense was that of intoxication and its effect on the specific intent offenses. He chose to follow that course and his arguments were framed to point up the lack of specific intent. Unlike *United States v. Hampton*, 16 U.S.C.M.A. 304, 36 C.M.R. 460 (1966), and *United States v. Walker*, 3 U.S. C.M.A. 355, 12 C.M.R. 111 (1953), cited by appellant in support of his position, the trial defense counsel in this case did not concede that the prosecution had proved its case. To the contrary, he argued that because of his intoxicated condition the appellant was unable to form the specific intents necessary for the major offenses.

That trial defense counsel misperceived the law as precluding a plea of guilty because of appellant's inability to remember everything that occurred is of no moment.* Such misunderstanding did not prevent him from pleading guilty to the charged offenses; his contention that he was too intoxicated to form a specific intent precluded the plea. Although he could possibly have pleaded guilty to the lesser included offenses of assault and battery and unlawful entry, there is no reasonable possibility that the convening authority would have negotiated a plea on those reduced terms.

As to the alleged inadequacy of cross-examination, this is always a fertile field for second-guessers. We find the approach to cross-examination of the victim and her husband entirely proper. Trial defense counsel merely pointed up the fact that neither knew the appellant nor had they ever seen him before. Almost any other question would have been counterproductive. Contrary to appellant's contention that the questions asked of the other prosecution witnesses were either repetitive, irrelevant, or beneficial to the Government, we find them to be within the bounds of normal competence.

■ We also find defense counsel's overall handling of the case to be proper. He directed the entire defense toward the question of specific intent, attempting to show a lack of such intent due to intoxication. He also brought out forcefully the appellant's prior good character. Counsel's lack of success in the outcome does not equate to inadequate representation. He demonstrated reasonable competence throughout the trial. We do not read Judge Perry's language in *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977),

> "[A] criminal accused is entitled to more than a competent counsel; his right is to one who exercises that competence without omission throughout the trial." 3 M.J. at 289.

as requiring defense counsel to conduct a mistake-free trial. Rather, it is only required that counsel be competent and that he utilize his competence throughout the trial. He must exercise "the customary skill and knowledge which normally prevails . . . 'within the range of competence demanded of attorneys in criminal cases.'" (citation omitted). *United States v. Rivas, supra.* Trial defense counsel met this test.

---

* The United States Court of Military Appeals upheld a plea of guilty of an accused who claimed he was too intoxicated to recall the events where he had been fully advised of his rights, understood them and was convinced of his guilt from the evidence against him. *United States v. Luebs*, 20 U.S.C.M.A. 475, 43 C.M.R. 315 (1971).

We have reviewed the other assignments of error but find no discussion or corrective action required. However, in view of appellant's prior good record and the recommendations for clemency by the military judge and by two court members, we believe a reduction in sentence is warranted.

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for bad-conduct discharge, forfeiture of $200.00 pay per month for 36 months, confinement at hard labor for 36 months, and reduction to Private E–1.

Judges MITCHELL and DeFORD concur.