UNITED STATES, Appellee,

v.

Private (E–2) Waddell E. CALDWELL, SSN 243–08–0351, United States Army, Appellant.

CM 438566.

U. S. Army Court of Military Review.

24 March 1980.

---

Lieutenant Colonel John F. Lymburner, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Linus Johnson, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, and Captain Karen S. Gillett, JAGC, were on the pleadings for appellee.

Before RECTOR, CARNE and O'DONNELL, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

Charges involving two specifications of larceny of stereo equipment and one specification of housebreaking were initially referred to trial. The civilian counsel for the appellant informed the military judge that the appellant would plead guilty to the larceny charges but not guilty to housebreaking. When the judge realized that he had presided at a bench trial in which the appellant's co-actor, a Private Larry Pierce, had been convicted of the same offenses, he severed the housebreaking charges and the trial proceeded on the larceny charges. The appellant, after arraignment, pleaded guilty to the larceny charges. The military judge, however, held the pleas to be improvident. The judge then reinstated the housebreaking charges and rejected the appellant's earlier request for a trial by judge alone. The appellant was again arraigned, this time on all three charges. The appellant, through counsel, again entered pleas of guilty to the larceny charges. The judge refused to accept the pleas and entered pleas of not guilty to all charges.* In due course, the appellant was convicted of all charges and sentenced to confinement at hard labor for eighteen months, forfeiture of all pay and allowances for eighteen months and reduction to the lowest enlisted grade. The convening authority made certain modifications in the findings as to the value of the stolen items and approved the sentence.

This case involves a breaking and entering into a unit supply room with intent to steal certain stereo equipment and the subsequent larceny of the equipment. The Government's position at trial was that the appellant aided and abetted Private Pierce in the commission of these offenses. The appellant denied any involvement in the housebreaking. Notwithstanding, the evidence, to include the appellant's testimony on the merits, was sufficient to establish his guilt of this offense as well as that of the larceny charges. The appellant testified that he accompanied Pierce outside the barracks after Pierce requested his assistance in obtaining stereo equipment. The appellant stated further that he observed Pierce break the supply room window with a screwdriver, enter the room, and remove several boxes which were later shown to contain stereo components. The appellant admitted that on one occasion after Pierce had removed a box from the supply room, he (the appellant) received the box from another soldier, Private First Class Albert Haynes, who was present and handed it through an open window into his barracks room. The appellant later assisted several other soldiers in transferring all of the equipment from his room to another room in the barracks. Private Haynes testified that he saw Pierce remove the boxes from the supply room and hand them to the appellant.

The Government also introduced a pretrial statement of the appellant without objection by the defense. In this statement, the appellant denied that he was implicated in the housebreaking but admitted helping place the stereo equipment in his room after Pierce had removed them from the supply room. He also stated that he assisted in the subsequent removal of the items to another room in the barracks.

In his argument on the findings, the civilian defense counsel in effect conceded that the appellant was guilty of larceny and devoted his efforts toward arguing the ap-

---

* The civilian counsel stated that the appellant authorized him only to plead guilty to the larceny charges.

pellant's non-involvement in the housebreaking charges. The appellant now contends that he was prejudiced by the failure of the military judge to inquire whether counsel's argument was made with the appellant's understanding and consent.

The appellant relies primarily on *United States v. Hampton*, 16 U.S.C.M.A. 304, 36 C.M.R. 460 (1966). In that case, the accused was charged with larceny. Defense counsel's argument in its entirety consisted of an admission that the prosecution had proven the accused's guilt beyond a reasonable doubt. The Court of Military Appeals held that under the circumstances the judge should have questioned the accused to determine if he acquiesced in this concession and understood that his counsel had in effect entered a guilty plea contrary to his earlier plea of not guilty.

■ We do not believe that the Court in *Hampton* announced a *per se* rule requiring an inquiry in every case where counsel makes concessions in his argument. As the Court noted in *Tatum v. United States*, 190 F.2d 612, 618 (D.C.Cir.1951), some concessions "are not only proper but highly commendable." *Accord, Turberville v. United States*, 303 F.2d 411 (D.C.Cir.), *cert. denied*, 370 U.S. 946, 82 S.Ct. 1596, 8 L.Ed.2d 813 (1962). The propriety of a concession depends upon the facts of the particular case. For example, counsel may not concede an issue contrary to the testimony of the accused or in effect concede guilt in whole or in part in the face of a defense raised by the accused in his testimony. *See United States v. Smith*, 8 U.S.C.M.A. 582, 25 C.M.R. 86 (1958); *Tatum v. United States, supra; Clark v. United States*, 259 F.2d 184 (D.C. Cir.1958).

■ On the other hand, counsel may in an appropriate case concede that the Government has met its burden on one of several charges in order to emphasize the asserted weakness of the remaining charges. *United States v. Henderson*, 44 C.M.R. 553 (A.F.C.M.R.), *pet. denied*, 21 U.S.C.M.A. 599, 44 C.M.R. 939 (1971). Likewise, counsel may appropriately concede that an accused's pretrial statement amounts only to a confession of an offense included in the charged offense. *United States v. Buchanan*, 37 C.M.R. 927 (A.F.C. M.R.), *pet. denied*, 17 U.S.C.M.A. 646, 37 C.M.R. 470 (1967).

■ We are satisfied under the facts peculiar to the instant case that defense counsel's actions were proper and that the judge was not required to question the appellant as to his understanding and acquiescence. The defense position at trial was that the appellant was guilty of larceny but not of housebreaking. It was only because the judge held the original pleas to be improvident that the larceny charges were contested. The appellant in his pretrial statement and in his testimony at trial in effect admitted his culpability as to the larceny charges. Moreover, the military judge advised the court members that arguments of counsel are not evidence and that they must base their determination of the factual issues on the evidence as they remember it. Under the circumstances, the defense counsel's argument amounted to a sound tactical approach, particularly in view of the strength of the Government's case. True, he did not succeed, but the propriety of a tactical course of action is not measured by its successful accomplishment.

The findings of guilty and the sentence are AFFIRMED.

Chief Judge RECTOR and Senior Judge CARNE concur.