**UNITED STATES**

v.

**Master Sergeant William J. AUBIN, FR 081–32–4844, United States Air Force.**

**ACM 23310.**
**Miscellaneous Docket 82–2.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 June 1981.

Decided 2 April 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Willard K. Lockwood and Captain Neil S. Richman, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION AND ACTION UPON PETITION FOR NEW TRIAL

MAHONEY, Judge:

Despite his pleas of not guilty, the accused was convicted by general court-martial of ten specifications involving wrongful use and transfer of cocaine and marihuana in the hashish form, and one specification of conspiring to blackmarket four stereo speakers in violation of a merchandise control regulation, in violation of Articles 134 and 92, Uniform Code of Military Justice [U.C.M.J.], 10 U.S.C. §§ 934, 892. He was acquitted of three other specifications alleging use and transfer of cocaine, and conspiracy to blackmarket a television set. The accused was sentenced to a bad conduct discharge, confinement at hard labor for 24 months, forfeiture of $300.00 per month for 18 months, and reduction to the grade of airman (E–2).

Before the Court is an assignment of errors which invites our attention to matters raised in the response of civilian counsel to the staff judge advocate's review, and a petition for new trial, pursuant to Article 73, U.C.M.J., 10 U.S.C. § 873. We have consolidated these matters for review, and resolve them adversely to the accused.

At trial, the accused was represented by detailed and individually requested military defense counsel. Subsequent to trial, in his response to the post-trial clemency report, the accused asserted that he was inadequately represented at trial. Subsequently, he hired a civilian attorney who submitted, pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), a "Memorandum on Behalf of the Accused." [1] This memorandum addressed some errors in the staff judge advocate's review which were properly resolved in the addendum to the review pursuant to *United States v. Boston*, 7 M.J. 954 (A.F.C.

---

1. The same civilian counsel was listed as appellate counsel by the accused in his request for appellate representation, but counsel has failed to enter an appearance. We are informed that the accused has abandoned his intention to retain that counsel to represent him before this Court.

M.R.1979). The principal thrust to the memorandum, however, was to attack the adequacy of the accused's legal representation before and during trial.[2]

▋ The basis of this attack on the adequacy of legal representation consists almost exclusively of civilian defense counsel's conclusory allegations of coercion, neglect, ineffectiveness and incompetence on the part of the accused's individual and detailed counsel. Insofar as these allegations are unsupported in the record, they are not evidence before this Court, and we expressly decline to consider them, even though we are not limited to the record in determining issues regarding adequacy of representation. *See, United States v. Davis*, 3 M.J. 430, 431, note 1 (C.M.A.1977). As a minimum, specific first-hand factual allegations, *United States v. Ridley*, 12 M.J. 675 (A.C.M.R.1981), preferably in affidavit form, *United States v. Crooks*, 4 M.J. 563 (A.C.M.R.1977), are required to raise the issue of ineffective assistance of counsel not apparent in the record.[3]

▋ Turning to those issues raised in civilian defense counsel's memorandum which relate to matters in the record, we find that the accused's first request for individual defense counsel was properly denied, and that at trial he was satisfied with his subsequently requested counsel. The post-arraignment request for trial by military judge alone was a matter within the discretion of the military judge, and it was properly granted. *United States v. Morris*, 49 C.M.R. 653 (C.M.A.1975). The defense counsel's eliciting of the accused's judicial confession to some of the drug offenses was well within the ambit of trial tactics which will not be second-guessed on appeal. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977); *United States v. Caldwell*, 9 M.J. 534 (A.C.M.R.1980). Moreover, as shall be seen, it is apparent that, in this manner, counsel successfully bolstered the accused's credibility *vis a vis* the government informant, Sergeant Melsom.

The Petition for New Trial is based upon an allegation of fraud upon the trial court in the form of perjury by Sergeant Melsom. Attached to the Petition is a portion of a summarized record in a subsequent trial at which Sergeant Melsom testified. Government appellate counsel do not contest the authenticity of the transcript, or object to its summarized form. They concede it adequately establishes that Airman Melsom lied at the accused's trial when he denied he stole about thirty cases of beer. At the subsequent trial, Melsom admitted both having stolen the beer while working as a delivery driver at his base, and having lied about the incident when he testified at the accused's trial.

Substantively, that theft was entirely unrelated to the accused's case. It occurred at the base where Melsom was permanently assigned, in a different country from the accused's base and the site of the accused's offenses. Nonetheless, the issue was material in the accused's case because it related to Melsom's credibility as a witness.

▋ At his trial, the accused would not have been permitted to introduce extraneous evidence of the beer theft to attack Melsom's credibility because the matter was collateral to the principal issues in the case. Mil.R.Evid. 608(b). However, the matter was nonetheless presented to the military judge for consideration. At the accused's trial, Melsom also denied that he told anyone he had stolen the beer. A defense witness was permitted to relate detailed prior inconsistent statements by Melsom, to the effect that he had, in fact, stolen the beer. Mil.R.Evid. 613(b).

▋ In weighing the impact of these events upon the fairness of the accused's

---

2. As we have previously noted, the *Goode* response has a limited scope and purpose. It is intended to correct errors in the staff judge advocate's review prior to the convening authority's action. *United States v. Schrock*, 11 M.J. 797 (A.F.C.M.R.1981), *pet. denied*, 12 M.J. 188 (C.M.A.1981).

3. For a description of the contents of the record in our normal scope of review, *see, United States v. Eubank*, 12 M.J. 752, 755–56, notes 4 and 5 and accompanying text (A.F.C.M.R. 1981).

trial, we first note that there is no indication in the record that the perjury by the government witness was suborned, condoned, or known by the prosecution. We also note that Sergeant Melsom's credibility was substantially brought into question by his admitted illegal activities, alone and with the accused, and by the evidence of his prior inconsistent statement about the theft of the beer. Further impeachment of Melsom would have been cumulative. *See, United States v. Thomas*, 11 M.J. 135 (C.M.A.1981). Moreover, as has been previously noted, the accused was acquitted of several specifications. Significantly, the only evidence of guilt on those specifications was the uncorroborated testimony of Sergeant Melsom.

False testimony by a government witness on a material matter (*viz*, perjury) is a fraud upon the court. Paragraph 109*d*(3)(*a*), Manual for Courts-Martial 1969 (Rev.). Fraud alone, however, is insufficient to warrant the setting aside of a conviction and the granting of a new trial. It is also required that the fraud had a "substantial contributing effect upon a finding of guilty and without [it] there would probably have been a finding of not guilty or a failure of proof of the offense alleged." *Id.* We find that Melsom's perjury had no appreciable effect upon any findings of guilty, and that had he truthfully testified about his theft of the beer the result would not have been acquittal or failure of proof on any specification of which the accused stands convicted.

In accord with the foregoing, the Petition for New Trial is DENIED. The remaining errors asserted in the civilian defense counsel's memorandum have been considered and resolved adversely to the accused. The findings of guilty and the sentence are correct in fact and law and, based upon the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.