# UNITED STATES

v.

**Airman Michael E. MASSEY, FR 293–74–9987, United States Air Force.**

## ACM 28503.

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Dec. 1989.

Decided 24 Oct. 1990.

Giovagnoni and Major Paul H. Blackwell, Jr.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Airman Massey argues that his defense counsel violated the lawyer-client privilege under Mil.R.Evid 502(a) by disclosing in open court that Massey had lied to him about using drugs. After reviewing the facts of this case, we find no error and affirm.[1]

Upon pleas of guilty, Massey was found guilty at a general court-martial bench trial of wrongful use of cocaine. His approved sentence is a bad conduct discharge, confinement for six months, forfeiture of $466.00 per month for six months, and re-. duction to airman basic.

Originally, Massey intended to contest the Charge. However, he changed his mind one day prior to trial. At his court-martial, defense counsel introduced a "rehabilitated" Massey, who could no longer live a lie. During an unsworn statement, Massey answered questions propounded by his counsel. He conceded that he'd lied six months earlier when he responded to a letter of reprimand by denying involvement with drugs.

Massey complains that the prosecution—seizing the opportunity made available by his own attorney—impermissibly argued during presentencing that he had falsely maintained his innocence for six months. This was error compounded upon error, the appellant urges, and he was probably sentenced for such uncharged misconduct. *See United States v. Wingart,* 27 M.J. 128, 1265 (C.M.A.1988); *United States v. Kinman,* 25 M.J. 99, 100 (C.M.A.1987).

After reviewing the record and considering the affidavit submitted by the defense

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major George P. Clark.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E.

---

1. Earlier, we noted that the record of trial and allied papers failed to indicate that the clemency matters submitted by Airman Massey were considered by the convening authority. On 11 July 1990, we issued an Order to Show Cause why the convening authority's action was not premature. *See United States v. Craig,* 28 M.J. 321 (C.M.A.1989). Having granted the Government leave to submit an affidavit from the staff judge advocate, we are convinced that those matters were indeed considered by the convening authority.

counsel as to trial tactics—*to which Massey agreed*—we find no error. The defense in essence had adopted the presentencing theme of Luke 15:7 that "There is more joy in heaven...." This technique pictures the client as a penitent seeking some measure of understanding and clemency because he has "seen the light." It is abundantly clear from the affidavit of counsel that Massey had agreed to the trial strategy.

 We view the overall defense approach, as reflected in Massey's unsworn statement, hardly the "perfunctory formalism" condemned in *United States v. Winchester*, 12 U.S.C.M.A. 74, 20 C.M.R. 74, 79 (1961). To the contrary, counsel's approach simply sought to make the best of the obvious and limit anticipated adversarial damage.

. It would substitute remote precedent for thought to equate this situation to those cases where an attorney turns on his client. *See, e.g., United States v. McDonald*, 21 U.S.C.M.A. 84, 44 C.M.R. 138 (1971) (defender stated he could not present character evidence concerning accused's worth as a Marine because he had to be "honest with himself" and held "quite a few misgivings);" *United States v. Hampton*, 16 U.S.C.M.A. 304, 36 C.M.R. 460 (1966) (defense counsel's closing argument conceded too much); *Winchester*, 12 U.S.C.M.A. at 76, 30 C.M.R. at 76 (1961) ("I have reason to believe this witness ... has perjured himself and I will not be a part and parcel of it").

In sum, we believe the tactic of presenting a rehabilitated client who had faced up to his problem, "come clean," and sought mercy was strategically sound. We reason that this election has a respectable rational basis. We will not second-guess it, particularly when the appellant agreed to that approach during his trial. *See generally United States v. McCarthy*, 25 AM.J. 667 (A.F.C.M.R.1987); *United States v. Mans-*field, 24 M.J. 611 (A.F.C.M.R.1987). *See also United States v. Radford*, 14 M.J. 322, 325 (C.M.A.1982).[2]

 Nor do we find a problem with the prosecution argument commenting on the falsity of Massey's reply to the letter of reprimand. Massey's voluntary decision to offer an unsworn statement let the genie out of the bottle; the defense cannot complain if a prosecutor called attention to the feat.

 As for the sentence: After considering the totality of the evidence at trial, we find it appropriate for this airman and his offense.

The findings of guilty and the sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge MURDOCK and Judge MILLS concur.

---

**2.** Even were we to find error in the prosecution argument that the appellant had lied (*see United States v. Warren*, 13 M.J. 278 (C.M.A.1982); *United States v. Stegar*, 16 U.S.C.M.A. 569, 37 C.M.R. 189 (1967)) we would deny relief. Failure to object to argument normally triggers waiver. R.C.M. 1001(g). In addition, the argument was presented before a military judge sitting alone; he is presumed to know the law and apply it correctly. *United States v. Gruninger*, 30 M.J. 1142 (A.F.C.M.R.1990).